OPINION
{¶ 1} These accelerated calendar appeals arise from the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant, Angelica C. Lynch, appeals the decision of the trial court, which adopted appellee's proposed shared parenting agreement, by designating appellee, Kevin Loudermilk, as the residential parent for both of the parties' children. Appellant separately appeals the trial court's judgment as to each of the two children. The two appeals have been consolidated for all purposes.
 {¶ 2} Appellant and appellee were never married. They are the parents of two children, Kasey Loudermilk, born in 1994, and Nikolas Loudermilk, born in 1998. Kasey has resided with appellee since shortly after his birth, and Nikolas has resided with appellant since his birth.
 {¶ 3} In a judgment entry dated June 13, 1995, appellee was named the residential parent and legal custodian for Kasey, and appellant received the standard order of visitation. In a separate case relating to Nikolas, which was combined with the previous case regarding Kasey, a judgment entry dated March 17, 1999, designated appellant as the residential parent and legal custodian of Nikolas, granting the standard order of visitation to appellee.
 {¶ 4} On February 16, 2000, appellee filed a motion for modification of custody and reallocation of parental rights and responsibilities of Nikolas. Appellant subsequently filed a motion for reallocation of parental rights and responsibilities regarding Kasey on April 11, 2000. In essence, both parents sought to be designated the residential parent and legal custodian for both children. On February 24, 2000, appellee also filed a motion seeking a family investigation, relative to the care and custody of Nikolas. The trial court granted that motion on March 8, 2000. A family investigation was conducted from March 2000 through June 2000 by licensed social worker, Renee Smith Howell, from the Ashtabula County Family Court Services.
 {¶ 5} The dual motions for reallocation of parental rights were heard together on August 2, 2000 and October 25, 2000. At the conclusion of the hearings, the court ordered both parties to submit proposed shared parenting plans. There is no indication that the parties agreed to this at that hearing. Both parties, however, submitted their shared parenting plans without objection or protest. Each named themselves as residential parent and legal custodian of both children, while granting standard visitation to the other party.
 {¶ 6} In a judgment entry dated April 20, 2001, the trial court concluded: {¶ 7} "The Court having considered the evidence and the exhibits herein, and each of the proposed Shared Parenting Plans as submitted to this Court, hereby finds that it is in the best interests of both children, i.e. Kasey Loudermilk, * * *; and Nikolas Loudermilk, * * *; to adopt the Shared Parenting Plan as proposed by Plaintiff Kevin Loudermilk. The Shared Parenting Plan filed November 24th, 2000 by Kevin Loudermilk by and through his attorney, Gary Pasqualone, is hereby adopted as (sic) in the best interests of the children and is incorporated herein and attached hereto, marked Exhibit `A'."
 {¶ 8} On May 4, 2001, appellant filed motions for a new trial, pursuant to Civ.R. 59, as well as stay of proceedings, pursuant to Civ.R. 62, and requested findings of fact and conclusions of law, pursuant to Civ.R. 52 and 59. On April 30, 2002, the trial court overruled each of appellant's motions and affirmed its April 20, 2001 order.
 {¶ 9} Appellant filed separate notices of appeal seeking to reverse the trial court's order. Both appeals were consolidated by this court.
 {¶ 10} Appellant sets forth four assignments of error."
 {¶ 11} 1. "The trial court erred in granting appellee's motion to modify the prior orders allocating parental rights and responsibilities regarding the minor children by failing to make specific findings as required by O.R.C. 3109.04(E)(1)(a) regarding the minor child, Nikolas."
 {¶ 12} 2. "The trial court abused its discretion and committed reversible error when it modified the prior order allocating parental rights and responsibilities regarding the minor child, Nikolas."
 {¶ 13} 3. "The trial court committed reversible error when it adopted appellee's shared parenting plan."
 {¶ 14} 4. "The trial court erred to the prejudice of Defendant-Appellant in overruling her Motion for Reallocation of Parental Rights and Responsibilities of Kasey Loudermilk, * * *, by adopting the shared parenting plan of Plaintiff-Appellee."
 {¶ 15} In her first and second assignments of error, appellant argues that the trial court abused its discretion in modifying the prior order allocating parental rights regarding Nikolas, the child for which appellant had been the residential parent and legal custodian since the child's birth.
 {¶ 16} In her fourth assignment of error, appellant contends that the trial court erred in not modifying the prior order allocating parental rights regarding Kasey, the child for which appellee had been the residential parent and legal custodian since the child's birth.
 {¶ 17} As the first, second, and fourth assignments of error relate to the modification of a prior parenting order, we shall address them together.
 {¶ 18} In reviewing custody matters, an appellate court may not reverse the trial court's determination absent an abuse of discretion.[1] Abuse of discretion is more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[2]
 {¶ 19} Pursuant to R.C. 3109.04(E)(1)(a), a trial court may not modify its prior decree allocating parental rights and responsibilities until it conducts a three-step inquiry. First, there must be a change in circumstances of the child or the residential parent. Second, the change in custody must be needed to serve the best interest of the child. Third, one of the three conditions listed in subsections (i) — (iii) must be satisfied.[3] The court must consider each of these steps in the order listed.[4]
 {¶ 20} Thus, the threshold question in any custody modification case is whether there has been a change in circumstances, relative to the child or residential parent, which would necessitate a modification of a prior parenting order. In the instant case, the trial court heard evidence from both sides, primarily regarding disputes over visitation. The court then ordered both parties to submit proposed shared parenting agreements. After receiving both, the trial court then issued a judgment entry stating that appellee's proposed agreement was in the "best interests of the children" and adopted it en toto. The trial court never considered the threshold question of a change in circumstance.
 {¶ 21} This court and other appellate districts have held that when a trial court has failed to consider this initial, threshold question, the decision must be reversed and remanded for the proper application of the requirements of R.C.3109.04(E)(1)(a).[5]
 {¶ 22} Therefore, as the trial court failed to address the initial step of whether there was a change in circumstances, its judgment must be reversed and the matter remanded.
 {¶ 23} Appellant's first and second assignments of error regarding the trial court's modification of the prior parenting order are with merit.
 {¶ 24} Appellant's fourth assignment of error regarding the trial court's failure to modify the prior order to granting appellant residential parent status of Kasey cannot be addressed without a finding of change of circumstances by the trial court pursuant to R.C. 3109.04(E)(1)(a).
 {¶ 25} Thus, appellant's fourth assignment of error is without merit. {¶ 26} In her third assignment of error, appellant contends that the trial court committed reversible error when it adopted appellee's shared parenting plan. Appellant contends that the trial court had no authority to order a shared parenting plan into effect when neither party filed a motion requesting such.
 {¶ 27} Appellant argues that R.C. 3109.04(A)(1) prohibits a court from adopting a proposed shared parenting plan from either party if neither parent files a motion requesting such. A careful reading of the statute reveals that, if neither parent files a pleading or motion requesting the court to grant both parties shared parenting rights, the court must allocate parental rights and responsibilities primarily to one of the parents.
 {¶ 28} In the instant case, at the end of the hearing, the trial court ordered each party to submit a proposed shared parenting plan. However, neither party objected at the hearing or prior to or concurrent with the submission of the plans. The court thereafter determined that appellee's plan was in the best interest of the children. That plan designated appellee as residential parent and legal custodian of both children. We find the court's decision to request proposed shared parenting plans to be harmless error. Further, we find that any present claim of error was waived by a failure to timely object.
 {¶ 29} Appellant's third assignment of error is without merit.
 {¶ 30} Based on our analysis of appellant's first and second assignments of error, the holding of the trial court is reversed and the cause is remanded to the trial court for proper application of the requirements of R.C. 3109.04(E)(1)(a).
Christley, J., Grendell, J., concur.
[1] Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
[2] Colvin v. Abbey's Restaurant, Inc. (1999),85 Ohio St.3d 535, 540, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[3] See R.C. 3109.04(E)(1)(a)(i) — (iii); In re Jessica P.
(May 1, 1998), 6th Dist. No. S-97-036, 1998 WL 230797, at *4.
[4] Lehman v. Lehman (Feb. 28, 1997), 11th Dist. No. 95-T-5327, 1997 Ohio App. LEXIS 716.
[5] Lehman, at *8-9; In re Carter (July 20, 1998), 12th Dist. No. 98-01-016, 1998 Ohio App. LEXIS 3354; Clark v. Smith
(1998), 130 Ohio App.3d 648; In re Jessica P., 1998 WL 230797.