{¶ 27} I respectfully dissent from the majority opinion and would, therefore, reverse the decision of the trial court. *Page 8 
 {¶ 28} Father was granted custody by the trial court in the divorce proceeding.
 {¶ 29} On December 14, 2006, the trial court found the children dependent and maintained the custody of the children with Father with protective supervision by children services over the children. Father never lost custody. In fact, the majority quotes the judgment entry as temporary and bases its findings erroneously as temporary custody as not an allowable disposition to a parent under R.C. 2151.04(C). The determination by the trial court is a final disposition of the dependency complaint and, as such, was not appealed. After the filing of Mother's motion to modify custody, the trial court must apply the change in circumstances analysis in modifying the custody of the minor children.
 {¶ 30} R.C. 3109.04(E)(1)(a) applies in legal custody cases arising from juvenile court proceedings. See, e.g., In re Braydon James,113 Ohio St.3d 420, 2007-Ohio-2335, at ¶ 6-7, 12, 24-25.
 {¶ 31} "In interpreting this statutory provision, this court has held that `in order for a trial court to modify a prior child custody decree,the party requesting the modification must demonstrate the following: (1) a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree; (2) the requested modification is necessary to serve the best interest of the child; and (3) one of the three scenarios described in R.C. 3109.04(E)(1)(a)(i) through (iii) is applicable.In re Seitz, 11th Dist. No. 2000-T-0097, 2003-Ohio-5218, at ¶ 36, citingPickett v. Pickett, 11th Dist. No. 2001-L-136, 2002-Ohio-3128, at ¶ 15;Loudermilk v. Lynch, 11th Dist. Nos. 2002-A-0044 and 2002-A-0045,2004-Ohio-5299, at ¶ 19. *Page 9 
 {¶ 32} "As a general rule, then, `the trial court may not modify a prior decree allocating parental rights and responsibilities unless itfirst finds a change has occurred in the circumstances of the child or his residential parent; and then, upon further inquiry, the court finds that the modification is in the child's best interest.' Leman v.Lehman (Feb. 28, 1997), 11th Dist No. 95-T-5327, 1997 Ohio App. LEXIS 716, at 8, citing Clyborn [v. Clyborn (1994)], 93 Ohio App.3d [192] at195; R.C. 3109.04(E)(1)(a). Thus, the court should proceed to a best interest analysis only after the court has determined that a change in circumstances has occurred. Id. (citation omitted)." Weisberg v.Sampson, 11th Dist. No. 2005-P-0042, 2006-Ohio-3646, at ¶ 41-42. (Emphasis sic.)
 {¶ 33} In this case, the decision of the magistrate, and that of the trial court adopting it, point solely to consideration of the best interest of the children. There is no analysis regarding change of circumstances, which must be shown before a best interest analysis is undertaken. And, a review of the record does not particularly indicate any change of circumstances regarding the children, since the prior decree giving Father legal custody.
 {¶ 34} There is no dispute that the trial court retains jurisdiction over the child, once having issued its dispositional order granting legal custody of the children to Father. Cf., R.C. 2151.417(A) and (B). Consequently, it had power to consider and grant the motion to modify custody once it was filed. R.C. 2151.353(E)(1) and (2); R.C.2151.417(B). In doing so, it was required to comply with R.C. 2151.42. R.C. 2151.417(B). R.C. 2151.42 requires the trial court, when modifying the legal custody of a child, to find both the modification in the child's best interest, R.C. 2151.42(A); and "that a change * * * in the circumstances of the child or the person who was granted legal *Page 10 
custody" has occurred. R.C. 2151.42(B). See, generally, In reRosier-Lemmon/Rosier Children, 5th Dist. No 2003 CA 00306,2004-Ohio-1290, at ¶ 8-15.
 {¶ 35} In this case, neither the magistrate nor the trial court found any change in circumstances, justifying the modification of the children's custody.
 {¶ 36} The trial court cannot change custody of the children without a new filing requesting a change in status from either the agency or a parent, i.e., custody to the agency or a changed placement, like legal custody to Mother. The custody determination, having been made originally in the divorce and subsequently upon the hearing of dependency and granting of protective supervision did not alter the original status of the children by the trial court in granting protective supervision and maintaining custody to Father, which cannot now be altered without a filing of a new cause of action, i.e., a motion for legal custody which initiated a new claim for modification, and finding of change in circumstances.
 {¶ 37} Accordingly, I dissent. *Page 1