[Cite as *Eatherton v. Behringer*, 2012-Ohio-1584.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

DEE ANN EATHERTON,

    PLAINTIFF-APPELLANT,          CASE NO. 13-11-12

    v.

JOEL DEAN BEHRINGER,          O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 20470086

Judgment Reversed and Cause Remanded

Date of Decision:  April 9, 2012

APPEARANCES:

    *John M. Kahler, II*  for Appellant

    *Karen S. Behm*  for Appellee

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Dee Ann Eatherton ("Eatherton"), appeals the judgment of the Court of Common Pleas of Seneca County, Juvenile Division, granting Defendant-Appellee, Joel Dean Behringer ("Behringer"), residential parent status of their child, Adam Andrew Eatherton-Behringer ("Adam"). On appeal, Eatherton contends that the trial court erred in finding that a change in Adam's circumstances had occurred; that the trial court erred in finding that it is in Adam's best interest that Behringer be designated the residential parent; that the trial court erred in finding that she had interfered with Behringer's parenting time; that the trial court erred in considering her phone messages as such evidence was outside the record; that the trial court erred in considering her strained relationship with her father; that the trial court erred in finding that she failed to complete the mandated counseling program; and, that the trial court erred when it failed to follow the clinical psychologist's recommendation for shared parenting. Based on the following, we reverse the judgment of the trial court.

{¶2} Eatherton and Behringer, who never married, had a child together, Adam, in July 2003.

{¶3} In July 2004, Eatherton filed a complaint, in which she declared that Behringer was Adam's biological father and requested that she be designated Adam's residential parent. In August 2004, Behringer filed an answer admitting

to each of the allegations contained in Eatherton's complaint and requesting the trial court to allocate parental rights and responsibilities. In August 2005, the trial court filed a consent judgment entry, in which it found the following: Eatherton and Behringer agreed that Behringer was Adam's biological father; the two parties agreed, in pertinent part, that Eatherton will be Adam's residential parent; Behringer shall have visitation with Adam on Tuesday evenings each week from 6:00 p.m. to 9:00 p.m.; the visitation schedule shall follow the local visitation rules; and, that if Eatherton hinders Behringer's visitation with Adam, Behringer shall pick the date to makeup his visitation. Docket Entry No. 26.

{¶4} Between January and June 2008 Behringer filed four motions for contempt against Eatherton. During the same period, Eatherton filed two motions for contempt, a motion to modify custody, a motion to prohibit Behringer from interfering with her telephone contact with Adam, a motion to modify child support, a motion concerning Adam's health insurance, and a motion to modify parenting time. A hearing on the foregoing motions was held on September 11, 2008. In November 2008, the magistrate filed a decision addressing each motion. The magistrate made the following pertinent findings and recommendations: Eatherton shall be granted her summer vacation with Adam for the last week in August 2008; Behringer's motions for contempt against Eatherton are well-taken; and, Eatherton's motions for contempt against Behringer are not well-taken.

-3-

Docket Entry No. 100. In December 2008, the trial court adopted the magistrate's decision as its own.

{¶5} In March 2009, Behringer filed two motions for contempt against Etherton and a motion for reallocation of parental rights and responsibilities, requesting the trial court to designate him as Adam's residential parent. Behringer also filed a motion to appoint a guardian ad litem ("GAL"), which the trial court granted.

{¶6} In June 2009, the trial court filed a consent order, ordering Etherton and Behringer to participate in a full custody evaluation with Dr. Thomas Hustak ("Dr. Hustak") and that "[e]ach party shall comply with any and all requests of Dr. Hustak." Docket Entry No. 146. In December 2009, Dr. Hustak filed his report with the trial court. In relevant part, Dr. Hustak's report recommended that Adam "have access to both parents in shared a parenting plan," that Etherton "immediately [seek] out her own personal counseling and psychotherapy," and if Etherton does not seek out such counseling "within a reasonable amount of time * * *, then it would be [his] opinion that Adam's * * * best interest would be advanced by having * * * Behringer assigned as the sole custodian, and * * * Etherton limited to visitation." Dr. Hustak's Report, pp. 77-78.

{¶7} In August 2009, after a hearing, the magistrate filed a decision concerning Behringer's March 2009 motions for contempt. Docket Entry No. 160. The magistrate found both motions to be well-taken.

{¶8} In March 2010, both Eatherton and Behringer filed proposed shared parenting plans with the trial court. In the same month, the GAL filed its report and recommendations with the trial court. The GAL recommended that "Adam Andrew be placed in the residential custody of father, Joel Behringer, because Adam needs a positive role model as opposed to mother's negative role model." GAL's Report and Recommendations, p. 7.

{¶9} On March 18 and 19, 2010, the magistrate held a hearing on Behringer's motion for reallocation of parental rights and responsibilities. The hearing was continued to June 10, 2010. In the interim, the magistrate issued temporary orders, which included, in relevant part, an order requiring Eatherton to immediately enroll in personal counseling and psychotherapy. Docket Entry No. 179.

{¶10} In July 2010, the magistrate issued its decision, recommending that the trial court designate Behringer as Adam's residential parent. Docket Entry No. 189. Later that month, Eatherton filed her objections to the magistrate's decision. Docket Entry No. 191. On February 4, 2011, the trial court filed an entry denying each of Eatherton's objections and adopted the magistrate's decision as its own.

Case No. 13-11-12

Docket Entry No. 222. Eatherton appealed the entry to this Court, which remanded the matter to the trial court with instructions to issue a judgment entry in compliance with Civ.R. 53(D)(3)(e). Docket Entry No. 229. On March 22, 2011, the trial court, pursuant to this Court's ruling, filed its judgment entry, which now comports with the requirements set forth in Civ.R. 53(D)(3)(e). Docket Entry No. 231.

{¶11} It is from this judgment Eatherton appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT AND THE MAGISTRATE ERRED IN FINDING THAT BASED ON FACTS THAT HAVE ARISEN SINCE THE PRIOR DECREE OR THAT WERE UNKNOWN TO THE COURT AT THE TIME OF THE PRIOR DECREE, THAT A CHANGE HAS OCCURRED IN THE CIRCUMSTANCES OF THE CHILD OR THE CHILD'S RESIDENTIAL PARENT.**

*Assignment of Error No. II*

**THE TRIAL COURT AND THE MAGISTRATE ERRED IN FINDING THAT A MODIFICATION IS NECESSARY TO SERVE THE BEST INTEREST OF THE PARTIES' MINOR CHILD. THE MAGISTRATE ERRED IN FINDING THAT A CHANGE IN CUSTODY IS IN THE BEST INTEREST OF THE PARTIES' MINOR CHILD. THE MAGISTRATE ERRED IN FINDING THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILD.**

-6-

*Assignment of Error No. III*

**THE TRIAL COURT AND THE MAGISTRATE ERRED IN FINDING THAT MOTHER HAS INTERFERED WITH FATHER'S PARENTING TIME.**

*Assignment of Error No. IV*

**THE TRIAL COURT AND THE MAGISTRATE ERRED BY CONSIDERING EVIDENCE OUTSIDE THE RECORD, SPECIFICALLY, EVIDENCE OF MOTHER'S PHONE CALL MESSAGES PRESENTED AT A HEARING HELD ON SEPTEMBER 11, 2008. (PARAGRAPH 45 OF THE MAGISTRATE'S DECISION).**

*Assignment of Error No. V*

**THE TRIAL COURT AND THE MAGISTRATE ERRED IN CONSIDERING MOTHER'S STRAINED RELATIONSHIP WITH HER OWN FATHER AND USING THAT STRAINED RELATIONSHIP AGAINST HER IN DECIDING THE ISSUE OF CHANGE OF CUSTODY. (PARAGRAPH 48 OF THE MAGISTRATE'S DECISION). THE MAGISTRATE ERRED BY ADMITTING IRRELEVANT EVIDENCE OVER THE OBJECTION OF THE PLAINTIFF.**

*Assignment of Error No. VI*

**THE TRIAL COURT AND THE MAGISTRATE ERRED BY FINDING THAT PLAINTIFF ANN EATHERTON FAILED TO COMPLETE HER COUNSELING PROGRAM.**

*Assignment of Error No. VII*

**THE TRIAL COURT AND THE MAGISTRATE ERRED BY FAILING TO FOLLOW DR. HUSTAK'S RECOMMENDATION OF SHARED PARENTING.**

*Assignment of Error No. I*

{¶12} In her first assignment of error, Eatherton contends that the trial court erred in finding that a change in circumstances had occurred. Based on the following, we find that the trial court erred as a matter of law in determining that a change in circumstances had occurred.

{¶13} Decisions concerning child custody matters rest within the sound discretion of the trial court. *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Custody determinations are some of the most difficult and agonizing decisions a trial judge must make, and, therefore, appellate courts must grant wide latitude to their consideration of the evidence. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). Therefore, a reviewing court will not reverse a trial court's decision regarding child custody absent an abuse of discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 85 (1994).

{¶14} "While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04." *Miller* at 74. Since Behringer seeks to modify a prior decree allocating parental rights and responsibilities the trial court's analysis must be guided by the language set forth in R.C. 3109.04(E)(1)(a), which provides, in relevant part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on

facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

* * *

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

Explaining R.C. 3109.04(E)(1)(a), this Court stated:

When deciding whether a modification of custody is appropriate, the court *must* determine three things. (1) Has there been a change in circumstances? (2) Is this modification in the best interest of the child? (3) Will the harm that will result from the change be outweighed by the benefits that will result from the change?[1] (Emphasis added.) *Clark v. Smith*, 130 Ohio App.3d 648, 653 (3d Dist. 1998).

Based on this Court's explanation in *Clark*, we find that the trial court must independently determine each step within R.C. 3109.04(E)(1)(a). Procedurally, the trial court must first determine whether there has been a change in circumstances. *See Loudermilk v. Lynch*, 11th Dist. Nos. 2002-A-0044, 2002-A-

---

[1] We note that the third step may also be satisfied if "[t]he residential parent agrees to a change in the residential parent or both parents under a shared parenting decree to a change in the designation of residential parent" or "[t]he child, with consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent." R.C. 3109.04(E)(1)(a)(i-ii). While the existence of (i) or (ii) may satisfy the third step of R.C. 3109.04(E)(1)(a), that was not the case in *Clark* nor is it the case here.

0045, 2004-Ohio-5299, ¶ 19 (the trial court must consider each of the three steps in R.C. 3109.04(E)(1)(a) in the order listed), and *Springer v. Booth*, 6th Dist. No. E-99-022 (March 17, 2000). Without this initial finding the trial court has no reason to proceed to the next two issues of whether modification is in the child's best interest, and whether the harm that will result from the change of environment is outweighed by the advantages that will result from the change of environment. *See Loudermilk* at ¶ 21 (when a trial court has failed to consider this initial, threshold question, the decision must be reversed and remanded for the proper application of the requirements of R.C. 3109.04(E)(1)(a)).

{¶15} Here, the magistrate did not independently determine whether there had been a change in circumstances. After reciting the language of R.C. 3109.04(E)(1)(a), the magistrate made the following findings:

> 22. The undersigned finds that O.R.C. Section 3109.04(E)(1)(a)(i) and (ii) do not apply. The residential parent, Mother, does not agree with a change of residential parent and Adam has not been integrated into the family of Father with Mother's consent.
>
> 23. The undersigned finds that O.R.C. Section 3109.04(E)(1)(a)(iii) does apply. The Child Custody Evaluation set forth shared parenting was the best thing for Adam if Mother completed four months of personal counseling and psychotherapy. Further, the Child Custody Evaluation further set forth that "[i]f she cannot do this within a reasonable amount of time (four months or less), then it would be my opinion that Adam's * * * best interest would be advanced by having * * * Behringer assigned as the sole custodian, with * * * Eatherton, limited to visitation." The undersigned finds that this recommendation makes it clear that the harm likely to be caused by

a change of environment is outweighed by the advantages of the change of environment to the child.

24. *The undersigned finds that at least one of the three factors exists under O.R.C. 3109.04(E)(1)(a) and therefore there is a change in circumstances* and that more analysis is needed to determine the change of custody and the best interest for Adam as set forth in O.R.C. Section 3109.04(F)(1). (Emphasis added.) *See* Magistrate's Decision, p. 16.

Given the foregoing, it is clear that the magistrate determined that the first step (i.e. a change in circumstances) existed simply because the third step (i.e. the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment) existed. This was improper. The first and third steps of R.C. 3109.04(E)(1)(a) are wholly distinct from one another. Therefore, the existence or satisfaction of one does not automatically equate to the existence or satisfaction of the other. Accordingly, we find that the magistrate erred as a matter of law when it summarily found that the there was a change in circumstances *because* the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment.

{¶16} Because the magistrate did not independently consider the first step of R.C. 3109.04(E)(1)(a), we are unable to conduct meaningful appellate review of Eatherton's first assignment of error. After further consideration, the trial court may be able to articulate why a finding of a change of circumstances is warranted.

However, it has not yet done so, and it is not within the purview of this reviewing court do so. As the Twelfth District aptly stated:

> Given the deference we are to afford the trial court, its written opinion takes on additional significance because through it, the trial court provides us with the information and reasoning it deemed integral when determining custody matters. However, when that analysis and clear reasoning is absent from the trial court's written opinion, it is impossible to review the decision without supplanting the trial court's judgment with our own. As doing so is not permitted in an abuse of discretion review, we are forced to ask the trial court to clearly enumerate its reasoning and to follow statutory precepts before we can review its decision * * *. *Preece v. Stern*, 12th Dist. Nos. CA2008-09-024, CA2008-12-029, 2009-Ohio-2519, ¶ 14.

Accordingly, it is the responsibility of the trial court to follow the applicable statutes, apply the law to the evidence that has been presented, and articulate its reasoning sufficiently so that a reviewing court may make a meaningful review of its orders.

{¶17} Accordingly, we sustain Eatherton's first assignment of error.

{¶18} Having sustained Eatherton's first assignment of error we find her second, third, fourth, fifth, sixth, and seventh assignments of error to be moot and we decline to address them. App.R. 12(A)(1)(c).

{¶19} Having found error prejudicial to Eatherton herein, in the particulars assigned and argued in her first assignment of error, we reverse the judgment of

Case No. 13-11-12

the trial court, and remand the matter for proper application of the requirements of

R.C. 3109.04(E)(1)(a).

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, J., concurs.**
**SHAW, P.J., concurs in Judgment Only**

**/jlr**