[Cite as *Babcock v. Welcome*, 2012-Ohio-5284.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| REBECCA LYNN BABCOCK, | : | Case No. 11CA3273 |
| | : | |
| Petitioner-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JULIE THERESA WELCOME, | : | |
| | : | **RELEASED 11/14/12** |
| Respondent-Appellee. | : | |

_____
APPEARANCES:

Jack L. Moser, Jr., Gahanna, Ohio, for appellant.

Joshua M. Goodwin, Southeastern Ohio Legal Services, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Rebecca Babcock, the mother of I.S. and E.S., appeals the trial court's denial of her motion to modify an order granting custody of the children to Julie Welcome, their paternal grandmother.  Babcock argues that the trial court committed plain error when it found no change in circumstances that warranted modification had occurred.  She contends that such a change occurred when: 1) the children had unexpected contact with their father after the initial custody order was issued, and 2) Welcome interfered with her visitation rights.  She argues that the evidence from the motion hearing supports her argument.  However, the transcript of this hearing is not properly before us, so we cannot consider it.  In the absence of any evidence to support the purported errors, we must presume the validity of the trial court's proceedings.

{¶2}    Next, Babcock contends that the trial court should have found that the fact that the children reached school age since the issuance of the initial custody order,

when combined with "other factors," constituted a change in circumstances. However, Babcock failed to demonstrate that any "other factors" exist to support such a finding. Therefore, we also reject this argument.

## I. Facts

**{¶3}** Babcock and Brandon Stokes are the natural parents of I.S. and E.S. In October 2006, a Minnesota court entered an order awarding physical custody of the children to Welcome and joint legal custody of the children to Babcock and Welcome. Stokes agreed to this arrangement. Evidently Welcome lived in Ohio at the time, and the court ordered her to "make every effort to schedule visits with the children and their maternal family members." Shortly after the court entered the custody order, the children moved to Ohio with Welcome.

**{¶4}** In 2008, Babcock filed a motion in the Minnesota court to request sole physical and legal custody of the children. The Minnesota court declined to exercise jurisdiction in the matter. The court concluded that Minnesota was an inconvenient forum and that Ohio was a more appropriate forum for the motion because the children had lived in Ohio for more than two years since the court issued the original custody order.

**{¶5}** Subsequently, Babcock had the Minnesota custody order registered in Ross County under R.C. 3127.35 and filed a motion to modify the order. She asked the trial court to designate her as the residential parent and legal custodian of the children and terminate Welcome's rights. Alternatively, she sought parenting time and/or visitation under Ross County's standard visitation schedule. A magistrate conducted a hearing on the motion. Subsequently, the magistrate issued a written decision denying

Babcock's motion, concluding that no change in circumstances had occurred as required by R.C. 3109.04(E)(1)(a). The trial court adopted the magistrate's decision the same day. Babcock filed a request for findings of fact and conclusions of law 11 days later. Before the magistrate responded to this request, Babcock filed a notice of appeal.

## II.  Assignments of Error

{¶6}  Babcock assigns three errors for our review:

I.  TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY RULING THAT THE FACT THAT THE CHILDREN ARE NOW OF SCHOOL AGE DOES NOT CONSTITUTE A SUFFICIENT CHANGE IN CIRCUMSTANCES.

II.  THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT RULED THAT BRANDON STOKES' EXPOSURE TO THE CHILDREN DID NOT CONSTITUTE A CHANGE IN CIRCUMSTANCES.

III.  THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY CONSIDERING THAT APPELLEE HAD NOT FAILED TO FULFILL HER OBLIGATIONS AS TO APPELLANT'S COMPANIONSHIP WITH THE CHILDREN.

## III.  Standard of Review

{¶7}  In each of her assignments of error, Babcock contends that the trial court abused its discretion in various ways when it found no change in circumstances warranting modification occurred and denied her motion.[1] Generally, "[d]ecisions concerning child custody matters rest within the sound discretion of the trial court." *Eatherton v. Behringer*, 3rd Dist. No. 13-11-12, 2012-Ohio-1584, ¶ 13, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). "Custody determinations are some

---

[1] Babcock also contends this finding was against the manifest weight of the evidence. However, abuse of discretion is the appropriate standard of review. *Jones v. Jones*, 4th Dist. No. 06CA25, 2007-Ohio-4255, ¶ 31-32, 41.

of the most difficult and agonizing decisions a trial judge must make, and, therefore, appellate courts must grant wide latitude to their consideration of the evidence." *Id.*, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). Ordinarily, "a reviewing court will not reverse a trial court's decision regarding child custody absent an abuse of discretion." *Id.*, citing *Masters v. Masters*, 69 Ohio St.3d 83, 85, 630 N.E.2d 665 (1994). The phrase "abuse of discretion" connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶8} "While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04." *Miller* at 74. R.C. 3109.04(E)(1)(a) provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
>
> (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶9} Nonetheless, a party forfeits all but plain error on appeal if the party fails to

timely object to a magistrate's decision on a R.C. 3109.04(E)(1)(a) motion.  Juv.R. 40(D)(3)(b)(iv) provides:  "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."  "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶10}  Babcock claims that her objections were timely because she made a timely request for findings of fact and conclusions of law and made her objections within fourteen days after the magistrate filed a decision containing the requested information. Under Juv.R. 40(D)(3)(a)(ii), "a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law.  A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision."  Juv.R. 40(D)(3)(b)(i) states:  "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i).  * * * If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision

that includes findings of fact and conclusions of law."

{¶11}  Here, the magistrate issued a decision on July 22, 2011, and the trial court adopted it the same day, which it had authority to do under Juv.R. 40(D)(4)(e)(i). Babcock had to request findings of fact and conclusions of law within seven days after the filing of a magistrate's decision, i.e., by July 29, 2011.  She did not file her request until August 2, 2011, and she did not request the court's permission to make a belated request under Juv.R. 18(B).

{¶12}  Babcock contends that the time for filing should have been extended by three days under Civ.R. 6(E).  Because a juvenile court heard this case, Babcock should have cited Juv.R. 18(E)'s similar three-day rule, which provides:  "Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon the person and the notice or other paper is served upon the person by mail, three days shall be added to the prescribed period."  However, even if we presume this rule applies, Babcock would have needed to file her request by August 1, 2011.  In other words, even if we extended the time for filing the request by three days, it would still be untimely.

{¶13}  Because Babcock failed to make a timely request for findings of fact and conclusions of law, she had to file her written objections to the magistrate's decision within fourteen days of the filing of that decision, i.e., by August 5, 2011.  She failed to do so.  Instead, on August 23, 2011, she filed her notice of appeal.  Even though the magistrate had not responded to Babcock's request for findings of fact and conclusions of law yet, that fact did not prevent this court from assuming jurisdiction over this case because Babcock's request was untimely.  *See, by way of analogy, Caruthers v.*

*Caruthers*, 4th Dist. No. 00CA09, 2001 WL 243407, *2-3 (Jan. 25, 2001) (Explaining

that a judgment entry is not a final, appealable order when a timely Civ.R. 52 motion for

findings of fact and conclusions of law is pending but is final if the motion is untimely).

{¶14} Apparently, on September 9, 2011, the magistrate did issue findings of

fact and conclusions of law, and Babcock filed objections less than fourteen days later.

The trial court declined to rule on the objections on the grounds that the filing of the

notice of appeal deprived it of jurisdiction.  The appellate record does not contain any of

these documents.  However, even if we presume their existence, "[t]he filing of a notice

of appeal deprives a trial court of jurisdiction to grant any relief inconsistent with an

appellate court's ability to affirm, modify or reverse the judgment being appealed."  *State

v. Scheutzman*, 4th Dist. No. 07CA22, 2008-Ohio-6096, ¶ 6.  "The review and

determination of objections to a Magistrate's Decision is inconsistent with an appeal

because objections are directed at the substance of the judgment appealed and the

issues raised on appeal."  *Arthur v. Trimmer*, 5th Dist. No. 02CA06029, 2003-Ohio-

2034, ¶ 13 (Although the *Arthur* Court made this statement in the context of Civ.R. 53,

we find it applies equally to Juv.R. 40).  Therefore, the trial court did lack jurisdiction to

consider any objections Babcock filed after her notice of appeal.

{¶15} Because Babcock failed to timely file objections to the magistrate's

decision, we conclude that plain error analysis applies to her assignments of error.

IV.  Appellate Consideration of the Transcript of Proceedings

{¶16} Before we address the merits of the assignments of error, we must

address another preliminary matter.  Welcome contends that in reviewing the

assignments of error, we may not consider the transcript of the hearing on Babcock's

motion.  This transcript is part of the record on appeal because we granted Babcock leave to supplement the record with it.  However, our review of the record indicates that this transcript was not actually before the trial court when it adopted the magistrate's decision.  Babcock never filed the transcript prior to filing her notice of appeal.  Under these circumstances, "this court will not review the transcript on appeal because our decision would then be predicated upon materials that the trial court did not have the opportunity to review in rendering its judgment."  *Molnar v. Molnar*, 9th Dist. No. 3102-M, 2001 WL 688898, *2 (June 20, 2001).  "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."  *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.  Therefore, we will not consider this transcript in ruling on Babcock's assignments of error.

## V.  Change in Circumstances

{¶17}  Before a court can modify a prior decree under R.C. 3109.04(E)(1)(a), it must find that "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree[.]"  The trial court denied Babcock's motion because it determined there was "insufficient evidence to find that the children's circumstances have changed * * *."  Babcock contends that the court committed plain error when it made this determination because numerous changes occurred.

{¶18}  "[A] change in circumstances is a threshold requirement intended to provide some stability to the custodial status of the child."  *Thebeau v. Thebeau*, 4th

Dist. No. 07CA34, 2008-Ohio-4751, ¶ 29 (per curiam), citing *In re Braydon James*, 113

Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 15.  "Because of this need for

stability in the child's life, any change in circumstances must be substantive and

significant."  *Id.*  R.C. 3109.04 does not define what constitutes a change of

circumstances.  Courts have generally interpreted the phrase to mean " 'an event,

occurrence, or situation which has a material and adverse effect upon a child.' "

*Roberts v. Bolin*, 4th Dist. No. 09CA44, 2010-Ohio-3783, ¶ 27, quoting *In re M.D.D.*,

12th Dist. No. CA2009-06-170, 2010-Ohio-326, ¶ 22.

A.  The Children's Interaction with Brandon Stokes and Visitation with Babcock

**{¶19}**  In the second assignment of error, Babcock contends that the court

committed plain error when it found the children's exposure to their father after the

Minnesota decree was issued did not constitute a change in circumstances.  In the third

assignment of error, Babcock argues that the court committed plain error when it found

her claim that Welcome failed to fulfill her obligations as to Babcock's companionship

with the children was unsupported by the evidence and did not amount to a change in

circumstances.  She argues that these conclusions are not supported by the evidence

adduced at the modification hearing.

**{¶20}**  However, the appellant has the duty to provide a transcript for appellate

review.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384

(1980) (per curiam).  "This is necessarily so because an appellant bears the burden of

showing error by reference to matters in the record."  *Id.*  "When portions of the

transcript necessary for resolution of assigned errors are omitted from the record, the

reviewing court has nothing to pass upon and thus, as to those assigned errors, the

court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* As we explained above, even though a transcript of the modification hearing appears in the appellate record, we cannot consider it because the trial court did not have access to it in reaching its decision. Obviously, we cannot find that the trial court committed "plain error" based on evidence that was not before it. Absent a transcript, Babcock cannot support the purported errors and rebut the presumption of validity.

{¶21} In her reply brief, Babcock suggests the 2006 and 2008 Minnesota court orders in the record prove Welcome interfered with her visitation rights. However, this is not the case. The 2006 order indicates that Welcome "shall make every effort to schedule visits with the children and their maternal family members." The 2008 order mentions Babock's allegations that Welcome failed to do this, but as the court clearly states, those were simply allegations. The Minnesota court did not consider the merits of Babcock's allegations – it concluded an Ohio court should do that. Thus, the 2006 and 2008 orders do not support Babcock's argument.

{¶22} Because Babcock failed to file timely objections, the court was free to adopt the magistrate's decision unless the court determined there was an error of law or other defect evident on the face of the magistrate's decision. Juv.R. 40(D)(4)(c). Babcock does not contend that such an error or defect exists, nor do we observe one. Accordingly, we overrule the second and third assignments of error.

### B. Age of the Children

{¶23} In her first assignment of error, Babcock contends that the trial court committed plain error when it found that the children's attainment of school age did not constitute a change in circumstances. However, in her argument, Babcock

acknowledges that a change in circumstances does not automatically occur anytime a child starts school. (Reply Br. 2). Instead, she argues that the fact that the children reached school age, when combined with other factors, constitutes a change in circumstances.

**{¶24}** She cites one case from this district, *Wilson v. Wilson*, 4th Dist. No. 09CA1, 2009-Ohio-4978, for the proposition that "while a change in the child's age alone is not dispositve of a change in circumstances, a child's maturation, when coupled with other factors, may establish a change in circumstances." (Appellant's Br. 2). In *Wilson*, we did state that "[t]he passage of time, standing alone, * * * is not sufficient to demonstrate a change in circumstance." *Id.* at ¶24. We also stated that, "[a] child's maturation along with other factors, * * * may establish a sufficient change in circumstances." *Id.*

**{¶25}** Babcock contends that "[t]he maturation of [I.S. and E.S.], when coupled with other factors, including reaching school age, most certainly establishes a change in circumstances that warrants a review as to what is in the best interests of the children." (Appellant's Br. 2). Babcock apparently claims that the maturation of the children and the fact that they reached school age constitute two independent factors. We disagree. Babcock's only basis for stating that the children have matured is the fact that they have reached school age. Thus, she is just stating the same factor in different ways.

**{¶26}** In her reply brief, Babcock argues that "additional factors" include the children's exposure to their father and Welcome's interference with her visitation rights. (Reply Br. 3). However, the trial court generally concluded there was insufficient evidence to find that a change in circumstances occurred. The court specifically found

that Babcock's claim that Welcome "failed to fulfill her obligations as to [Babcock's] companionship with the children" was not supported by the evidence. And the court found that the father's exposure to the children had not "been shown to create a 'likelihood of harm to the safety, health, and well being of the children' as [Babcock] argues." Again, because the transcript of proceedings is not properly before us, Babcock cannot demonstrate that the court erred when it made these findings. See the discussion in Sections IV. and V.A. above. Babcock failed to show that any factor other than the children reached school age supports the conclusion that a change in circumstances occurred. Therefore, we overrule the first assignment of error.

## VI. Conclusion

**{¶27}** Having overruled each of the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**