[Cite as *N.E. v. J.E.*, 2017-Ohio-6917.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

N.E.                                                                    Court of Appeals No. WD-17-002

      Appellant                                               Trial Court No. 2011JH0392

v.

J.E.                                                                    **DECISION AND JUDGMENT**

      Appellee                                                Decided:  July 21, 2017

* * * * *

James A. Hammer, for appellant.

Richard H. Wallace and Aaron D. Lowe, for appellee.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, N.E. ("father"), appeals the judgment of the Wood County Court of Common Pleas, Juvenile Division, denying his motion to modify parental rights and responsibilities, thereby preserving appellee's, J.E. ("mother"), status as residential

parent, and reducing father's visitation time with the parties' daughter, A.E., from an alternating week schedule to one weekend every other week during the school year.

## A. Facts and Procedural Background

{¶ 2} On May 16, 2011, the trial court issued an order in which it designated mother as A.E.'s residential parent. A.E. was approximately five months old at the time of the court's order. Two years later, mother filed a motion with the trial court, asking the court to grant her custody and to allocate parental rights and responsibilities. The motion came before a magistrate, who issued his decision on January 30, 2014.

{¶ 3} In his decision, the magistrate determined that the motion for custody was moot because mother was already designated as the residential parent. Further, the magistrate granted father visitation with A.E. "pursuant to the alternating week parenting schedule the parties [had] been utilizing since December 2012."[1] The magistrate went on to indicate that the foregoing visitation schedule would continue until A.E. began compulsory school attendance. On February 12, 2014, father filed timely objections to the magistrate's decision, which were supplemented on May 8, 2014. In his objections, father took issue with, inter alia, the magistrate's refusal to allow father to submit a shared parenting plan consistent with the recommendations of the guardian ad litem.

{¶ 4} Upon consideration of father's objections, the trial court issued its decision on June 9, 2014, in which it found no merit to father's objection concerning the

---

[1] Father resides in Wood County. Mother resides in Port Jefferson, Ohio, approximately two hours south of Wood County.

2.

magistrate's refusal to allow father to submit a shared parenting plan. As such, the trial court adopted the magistrate's decision with respect to father's alternating week visitation rights and mother's status as residential parent. The court also stated: "Once compulsory school attendance age is reached, if the parties are unable to reach an agreement as to time sharing, they may file the appropriate pleadings with the Court for determination."

{¶ 5} The foregoing visitation schedule remained in place for the duration of these proceedings. However, on April 11, 2016, father filed a "motion to modify and to determine school district and other parental rights and responsibilities," in which he asked the court to determine which school district A.E. should attend during the 2016-2017 school year. Additionally, father requested that the court "make such other orders as may be found to be proper and in the best interests of the minor child." Father subsequently filed an amended motion, seeking to be designated A.E.'s residential parent and legal custodian for school purposes.

{¶ 6} In her memorandum in opposition to father's motion, mother argued that A.E. should attend the Christian Academy of Sidney, which was within the same district as A.E.'s preschool.[2] Further, mother asserted that father could not demonstrate that a change of circumstances had occurred that would warrant a modification of the court's previous orders.

---

[2] Notably, the magistrate found that A.E. attended preschool at the Sidney-Shelby County YMCA during the weeks spent with mother, but attended Jack & Jill Child Care for preschool during the weeks spent with father.

3.

**{¶ 7}** A hearing on father's motion took place on July 20, 2016. At the hearing, father and mother both testified, as did others on behalf of each parent. Additionally, the court conducted an in-camera interview of A.E. According to the transcript, A.E. was extremely apprehensive during the interview. However, when asked which school she preferred to attend, A.E. indicated that "[d]addy's school" (Bowling Green Christian Academy) was her favorite. When pressed further as to why she preferred Bowling Green Christian Academy over the Christian Academy of Sidney, A.E. remained silent.

**{¶ 8}** Following the hearing and in-camera interview, the magistrate issued his decision on father's motion on August 2, 2016. In his decision, the magistrate found that father and mother are "great parents." The magistrate further noted that the parties conceded that A.E. would receive a quality education regardless of which school she attended. In that vein, the guardian ad litem reported that the schools that the parties selected were "essentially identical to each other" and that A.E. would do well in either school. The guardian ad litem also found that both parents were involved in A.E.'s life and took an active role in her development and education. Thus, the guardian ad litem concluded that A.E.'s best interests would be served at either school, provided that the court retain an alternating week visitation schedule between the parents during the summer.

**{¶ 9}** Upon consideration of the evidence presented at the hearing, the magistrate concluded that A.E.'s impending school attendance and its impact on the manner in which she spends time with her parents constituted a change of circumstances sufficient

4.

to justify a modification of the prior decree allocating parental rights and responsibilities. The magistrate went on to weigh the best interest factors under R.C. 3109.04(F)(1), and found that attendance at Bowling Green Christian Academy under father's care would be in A.E.'s best interest. Consequently, the magistrate granted father's motion, thereby designating father as the residential parent, and awarded visitation to mother every other weekend during the school year and on an alternating week basis during the summer.

{¶ 10} Thereafter, mother filed timely objections to the magistrate's decision. In her memorandum in support of the objections, mother asserted that the magistrate erred in relying upon the statements made by A.E. during the in-camera interview as support for his decision. Mother also argued that the magistrate failed to comply with R.C. 3109.04(E)(1)(a)(iii) when he designated father as A.E.'s residential parent.

{¶ 11} Upon receipt of father's response to mother's objections, the trial court issued its decision on January 3, 2017. In its decision, the court noted that the magistrate "gave significant – if not determinative weight to – [A.E.'s] stated wishes as to her school of choice." The court found that it was proper for the magistrate to conduct the in-camera interview of A.E. However, the court noted that A.E. was "clearly emotional and at times distraught during the interview." The court went on to describe A.E.'s condition as "tenuous and weak." Given A.E.'s condition, the court concluded that the magistrate should not have relied so heavily on A.E.'s statements. Rather, the court viewed A.E.'s stated wish to attend school in Bowling Green as a "non-controlling factor in this matter."

5.

{¶ 12} As to mother's contention that the magistrate failed to comply with R.C. 3109.04(E)(1)(a)(iii) when he designated father as A.E.'s residential parent, the trial court found that the magistrate properly concluded that a change of circumstances had taken place. However, the court found that father failed to establish, and the magistrate failed to find, that the harm likely to be caused by a change in A.E.'s environment was outweighed by the advantages of the change of environment. According to the court, the evidence in this case depicts a "nearly even scenario" between father and mother. In so finding, the court noted that the proposed schools were equivalent, as is A.E.'s interaction with father and mother and their respective relatives. Further, the court noted the guardian ad litem's position that A.E.'s best interest would be served if either parent was designated as the residential parent. Given this evidence, the court found that any differences between mother and father were "relatively minor" and did not support a change in the prior residential parent designation under R.C. 3109.04(E)(1)(a). Thus, the court concluded that mother should remain the residential parent, thereby denying father's motion. Additionally, the court adopted the guardian ad litem's visitation recommendations and reduced father's visitation time to every other weekend during the school year. The court maintained the preexisting alternating week schedule during the summer when A.E. was not enrolled in school.

{¶ 13} Following the trial court's decision, father filed his timely notice of appeal. On January 24, 2017, this appeal was placed on the accelerated calendar.

6.

## B. Assignments of Error

{¶ 14} Father has timely appealed the trial court's decision, assigning the following errors for our review:

Assignment of Error No. 1: The Trial Court erred in assigning reduced weight to the results on an in-camera interview conducted by the Magistrate.

Assignment of Error No. 2: The Trial Court erred in its analysis of O.R.C. Section 3109.04(E)(1)(a) and in recognizing a presumption in favor of Appellee/Mother under the particular facts and circumstances of the instant case.

Assignment of Error No. 3: The Trial Court erred in failing to adopt the Magistrate's Decision which named Appellant as residential parent of the minor child for school purposes.

{¶ 15} For ease of discussion, we will address father's assignments of error out of order.

## II. Analysis

{¶ 16} In domestic relations matters, a "trial court must have discretion to do what is equitable under the facts and circumstances of each case." *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). A trial court's judgment on custody is subject to review on appeal under an abuse of discretion standard. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

7.

{¶ 17} As noted by the trial court, child custody matters such as the one at issue here are to be guided by the terms of R.C. 3109.04. *Id.* at 74-75. R.C. 3109.04(E)(1) provides, in relevant part:

> (a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> * * *
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 18} Before analyzing whether a modification to the allocation of parental rights and responsibilities is in the child's best interest, the court must first determine whether a change in circumstances has occurred. *Perz v. Perz*, 85 Ohio App.3d 374, 376, 619 N.E.2d 1094 (6th Dist.1993). "The clear intent of [this requirement] is to spare children from a constant tug of war between their parents who would file a motion for change of

8.

custody each time the parent out of custody thought he or she could provide the children a 'better' environment." *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982).

{¶ 19} Here, the trial court found that A.E.'s entrance into school constituted a change of circumstances sufficient to satisfy R.C. 3109.04(E)(1)(a). Father does not contest this finding. The trial court further found that father failed to demonstrate that the harm likely to be caused by a change in A.E.'s environment was outweighed by the advantages of the change of environment under R.C. 3109.04(E)(1)(a)(iii).[3] Based upon that finding, the trial court maintained mother's status as the residential parent, the designation of which was previously set forth in its June 9, 2014 decree allocating parental rights and responsibilities.

{¶ 20} In his second assignment of error, father challenges the trial court's application of R.C. 3109.04(E)(1)(a)(iii). Specifically, father contends that mother was not actually A.E.'s residential parent because A.E. spent just as much time with him as he did with mother under the preexisting alternating week visitation schedule. We reject this argument in light of the trial court's express designation of mother as the residential parent.

{¶ 21} Further, father argues that the trial court's June 9, 2014 designation was defective insofar as it limited mother's legal control and authority by stating that "once

---

[3] The parties acknowledge that R.C. 3109.04(E)(1)(a)(i) and (ii) are inapplicable in this case.

9.

compulsory school attendance age is reached, if the parties are unable to reach an agreement as to time sharing, they may file the appropriate pleadings with the Court for determination." We find no merit to father's contention that this language limited mother's legal authority. Rather, we interpret the court's order to state the obvious: namely, that mother and father were encouraged to amicably resolve differences concerning visitation time, but were free to seek the court's intervention in an attempt to resolve any such disputes that might arise upon A.E.'s enrollment in school.

{¶ 22} Because mother was expressly designated the residential parent in the trial court's prior decree, we find that the court properly retained mother's status as the residential parent as required under R.C. 3109.04(E)(1)(a)(iii). Accordingly, father's second assignment of error is not well-taken.

{¶ 23} In his first assignment of error, father argues that the trial court erred in assigning reduced weight to the results of the magistrate's in-camera interview of A.E.

{¶ 24} In its decision rejecting the magistrate's recommendations and denying father's motion, the trial court found that A.E. was emotional and distraught during the in-camera interview. Consequently, the court concluded that A.E.'s statements were unreliable and were not controlling in this case.

{¶ 25} Notably, appellant acknowledges that A.E., who was only five years old at the time of the interview, was "not very verbal" during the interview. However, he contends that A.E.'s non-verbal actions supported her statement that she preferred to attend Bowling Green Christian Academy. Of course, such non-verbal cues are not

10.

contained in the transcript and therefore impossible for us to review on appeal. Moreover, A.E. was not able to express why she preferred Bowling Green Christian Academy over the Christian Academy of Sidney. Given A.E.'s age, her apparent apprehension during the interview, and her lack of explanation as to why she preferred one school over the other, we cannot say that the trial court abused its discretion in discounting the weight given to A.E.'s statements.

{¶ 26} Accordingly, father's first assignment of error is not well-taken.

{¶ 27} In his third assignment of error, father advances two arguments. First, he argues that the trial court was without authority to reduce his visitation time in favor of mother where mother had not filed a motion seeking such relief.

{¶ 28} Regarding a trial court's authority to sua sponte modify parental visitation, "Ohio courts have held that where an issue related to minor children is before the trial court, even if not in the form of a motion to modify visitation or custody, the trial court is bound by statute to consider the best interests of the children before making any determination." *Morrow v. Becker*, 9th Dist. Medina No. 07CA0054-M, 2008-Ohio-155, ¶ 9, citing *Braden v. Braden*, 5th Dist. Portage No. 2006-P-0028, 2006-Ohio-6878, ¶ 13 (finding that the trial court's sua sponte modification of father's visitation did not constitute an abuse of discretion where father's motion for custody and to show cause was before the court); *Bouffard v. Bouffard*, 7th Dist. Mahoning Nos. 00-CA-59 and 00-CA-44, 2001 Ohio App. LEXIS 690, *2 (Feb. 14, 2001) (holding that father's contempt

11.

motion and mother's motion to modify visitation permitted the trial court to sua sponte modify custody in accordance with the best interests of the child).

{¶ 29} In light of the foregoing, we hold that the trial court did not err in exercising jurisdiction over the visitation issue, which was properly before the court as a result of father's filing of his "motion to modify and to determine school district and other parental rights and responsibilities." Indeed, upon the filing of such a motion, and without regard to which party files it, the trial court is statutorily required to render a decision that is in accord with the best interest of the child, even if that decision results in the granting of relief to the nonmoving party. *See Becker* at ¶ 9 (concluding that "the trial court is required to consider the best interests of the children whenever an issue related to the children is before the court").

{¶ 30} Second, father argues that the trial court abused its discretion by mischaracterizing the amount of evidence he offered in support of his motion seeking modification. According to father, he presented "abundant" and "multifaceted" evidence "confirming his very deep and loving relationship with [A.E.]," while mother only presented the testimony of herself and her husband, S.E.

{¶ 31} Having reviewed the evidence in its entirety, we find that the trial court's characterization of the evidence was not an abuse of discretion. While it is true that father presented the testimony of four individuals and mother only presented the testimony of herself and S.E., the quantity of evidence presented is not the issue here. Rather, the question before the trial court centered on the best interests of the child under

12.

R.C. 3109.04(E) and (F).[4]  In that regard, the evidence presented at the hearing depicts mother and father as excellent parents who are both bonded with A.E.  Further, the schools proposed by each parent are equivalent in terms of the quality and nature of the education A.E. is likely to receive.  Moreover, the guardian ad litem's report, which recommends either parent be designated the residential parent, supports the trial court's finding that the evidence in this case depicts a "nearly even scenario" between father and mother.  We agree with the trial court that any differences between father and mother that are borne out by the evidence are inconsequential, and that the best interest factors contained in R.C. 3109.04(F) are not slanted in father's favor.  Moreover, we find that the trial court properly concluded that modification of father's visitation schedule was in A.E.'s best interest in light of the practical reality that A.E. would be unable to attend school from father's home during the week because the school was two hours away.

{¶ 32} Accordingly, father's third assignment of error is not well-taken.

---

[4] Father contends that the trial court erred in failing to make the required findings under R.C. 3109.051(D), which sets forth the best interest factors to be considered by the trial court when determining whether to grant parenting time to a parent pursuant to R.C. 3109.051 or 3109.12.  Father's argument is misplaced, however, as the trial court specifically stated in its entry that it considered the best interest factors under R.C. 3109.051(D) and 3109.04(E).  Furthermore, father's motion sought a modification of parental rights and responsibilities under R.C. 3109.04(E), which requires the trial court to consider the best interest factors contained in R.C. 3109.04(F).

13.

### III. Conclusion

**{¶ 33}** For the foregoing reasons, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed.  Father is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                          JUDGE
James D. Jensen, P.J.

                                                                _____
Christine E. Mayle, J.                                   JUDGE
CONCUR.

                                                                _____
                                                                          JUDGE