[Cite as *N.S. v. C.E.*, 2017-Ohio-8613.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

N.S.                                                    Court of Appeals No. H-17-006

      Appellee                                   Trial Court No. CU 2013 00084

v.

C.E.                                                    **DECISION AND JUDGMENT**

      Appellant                                  Decided:  November 17, 2017

* * * * *

Thomas A. Sobecki, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, C.E. ("mother"), appeals the May 24, 2017 judgment of the Huron County Court of Common Pleas, Juvenile Division, awarding custody of the parties' son ("child") to appellee, N.S. ("father").  For the following reasons, we reverse and remand this matter to the trial court.

## I. Background

{¶ 2} Mother and father met in 2011 while they were residing in the same halfway house. Mother was at the halfway house after serving nearly two years in prison for two felony convictions. Father was residing there following his release from prison after serving a 13-year sentence for felonious assault. The parties were never married. The child, born June 10, 2013, is their only child.

{¶ 3} Initially, on April 8, 2014, the juvenile court named mother the residential parent and legal custodian of the child. In July 2014, the court granted father supervised parenting time every other weekend and on holidays. This arrangement continued until November 6, 2015, when father filed a motion to change custody of the child based on mother's drug use, multiple arrests, and unemployment.

{¶ 4} On January 6, 2016, before the November 2015 custody motion was decided, father filed a request for an emergency custody hearing following mother's arrest for possession of drug abuse instruments. Mother was pulled over in Fremont on January 5, 2016. The child, who was two years old at the time, was in the backseat. During a search, the arresting officer found a needle in the car and another needle and a spoon with heroin residue on it on mother's person. As a result of the arrest, mother was convicted of misdemeanor possession of drug abuse instruments and ultimately served 90 days in jail. The juvenile court denied father's request for an emergency hearing. But following a pretrial on January 28, 2016, the court granted father temporary custody of the child and granted mother supervised parenting time.

2.

{¶ 5} On February 2, 2017, a hearing on father's November 2015 motion was held before a magistrate. Mother, father, maternal grandmother, maternal grandfather, maternal uncle, paternal grandmother, mother's caseworker, child's counselor, the officer who arrested mother in January 2016, and mother's boyfriend all testified. The testimony included information about mother's drug abuse and positive drug tests; mother's efforts toward rehabilitation during the six months before the hearing, including treatment with Vivitrol shots; mother's criminal record and police interactions since child's birth; the fact that mother's sister, with whom mother occasionally resides, uses illegal drugs and overdosed in September 2016; father's lack of a criminal record since his release from prison and negative drug test results; mother's and father's interactions with the child and with each other; mother's and father's parenting skills and ability to care for the child; mother's and father's employment situations, support systems, and living arrangements; and the parties' inability to communicate.

{¶ 6} On March 10, 2017, the magistrate issued her decision granting father custody of the child and granting mother parenting time in accordance with the court's standard parenting time schedule. The magistrate found, pursuant to R.C. 3109.04(E)(1)(a), that mother's addiction, volatile relationship with her live-in boyfriend, repeated contacts with law enforcement, incarceration, and disregard for the child's safety by driving him without a valid license constituted a change in circumstances since the initial allocation of parenting rights and responsibilities in 2014. The magistrate further found, pursuant to R.C. 3109.04(E)(1)(a) and (F), that awarding father custody

3.

was in the child's best interest, particularly in light of mother's mental and physical health. While the magistrate noted that mother was currently free of illegal substances and actively pursuing sobriety, she could not ignore that mother had only recently made those efforts. Finally, under R.C. 3109.04(E)(1)(a)(iii), the magistrate found that the advantages to the child of changing custody from mother to father outweighed any potential harms because the child had been living with father for a year.

{¶ 7} Mother filed objections to the magistrate's decision, which the juvenile court overruled on May 24, 2017. The court's judgment entry states, in relevant part,

> Following its independent review, the Court finds more than sufficient evidence in the record to justify the Magistrate's Decision that placing the parties' minor child in the legal custody of [father] while affording frequent and continuing parenting time to [mother] is in the child's best interest.

Notably, the trial court's entry does not address whether there was a change in circumstances or whether the advantages of the change outweigh the potential harms.

{¶ 8} Mother challenges the juvenile court's decision to reallocate the parties' parental rights and responsibilities with four assignments of error:

> A. The trial court erred when it failed to find that there had been a change in circumstances which warranted a change in custody.

> B. The trial court erred in considering the fact of the drug use of mother's sister, when there was no evidence that mother's sister had ever provided care for the child, or that she was in regular contact with the child.

4.

C. The trial court erred in finding that mother could only get Vivitrol for one year, such that her prescription would run out five months after the date of the hearing, when the relevant testimony concerning how long mother could stay on Vivitrol was that two years was the standard.

D. The trial court erred when it failed to find that the harm likely to be caused by a change of environment was outweighed by the advantages of the change of environment to the child.

## II. Law and Analysis

### A. First Assignment of Error

{¶ 9} Mother's first assignment of error is dispositive of this appeal. In it, mother claims that the trial court erred by reallocating custody of the child without finding that a change in circumstances exists. We agree.

{¶ 10} We review the trial court's decision to modify custody under an abuse of discretion standard. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). However, where the trial court misstates the law or applies the incorrect law, giving rise to a purely legal question, appellate review is de novo. *Terry v. Ottawa Cty. Bd. of Mental Retardation & Dev. Delay*, 165 Ohio App.3d 638, 2006-Ohio-866, 847 N.E.2d 1246, ¶ 13 (6th Dist.). A trial court's error in law is grounds for

5.

reversal.  *Andrew W.P. v. Jessy Z.*, 177 Ohio App.3d 837, 2008-Ohio-4124, 896 N.E.2d 220, ¶ 34 (6th Dist.), citing *Davis* at 419.

{¶ 11} A juvenile court must exercise its jurisdiction over custody cases in accordance with R.C. 3109.04.  R.C. 2151.23(F)(1).  As relevant here, a court may not modify a prior decree allocating parental rights and responsibilities unless it makes three findings:  (1) "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child [or] the child's residential parent * * *"; (2) the modification is in the best interest of the child; and (3) the likely harm to the child from changing environments is outweighed by the advantages of the change.  R.C. 3109.04(E)(1)(a); *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 21.

{¶ 12} In making a modification decision, the court must consider the statutory factors in order; that is, a trial court cannot determine whether a modification of parental rights and responsibilities is in the child's best interest without first determining that a change in circumstances exists.  *Eatherton v. Behringer*, 3d Dist. Seneca No. 13-11-12, 2012-Ohio-1584, ¶ 14; *Springer v. Booth*, 6th Dist. Erie No. E-99-022, 2000 Ohio App. LEXIS 1001, 4-5 (Mar. 17, 2000), citing *Davis* at 417.  This requirement is designed to "'spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment.'"  *N.E. v. J.E.*, 6th Dist. Wood No.

6.

WD-17-002, 2017-Ohio-6917, ¶ 18, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982).

{¶ 13} When ruling on objections to a magistrate's decision, the trial court is obligated to independently review the decision and verify that the magistrate properly determined the facts and appropriately applied the law. Juv.R. 40(D)(4)(d). The trial court's ruling on the objections may be general unless a party files a Civ.R. 52 request for findings of fact and conclusions of law. *R.E. v. H.F.*, 6th Dist. Lucas No. L-16-1232, 2017-Ohio-2815, ¶ 21. In view of that, the court is not required to specifically address each element of R.C. 3109.04(E) in its entry as long as the record demonstrates that the trial court made the statutorily-required findings. *Id.* (upholding modification of custody because "the trial court's judgment entry found by a preponderance of the evidence that there has been a change of circumstances and that modification of custody is in the best interest of the child"); *Hubbard v. Anderson*, 4th Dist. Scioto No. 96CA2440, 1998 Ohio App. LEXIS 216, 10 (Jan. 21, 1998) (reversing custody modification because the trial court made "no mention of R.C. 3109.04(E)(1)(a), 'change of circumstances,' 'modification' or even a 'change' of custody * * *.")

{¶ 14} Even if the magistrate's decision includes all of the necessary findings, the trial court's entry is insufficient if it omits a required finding and does not "reference, specifically incorporate, or attach" the magistrate's decision. *Mogg v. McCloskey*, 7th Dist. Mahoning No. 12 MA 24, 2013-Ohio-4358, ¶ 22 (reversing decision to terminate shared parenting plan because, although the trial court adopted the rulings in the

7.

magistrate's decision, it did not make its own factual findings or specifically adopt or incorporate the magistrate's factual findings); *Recny v. Finley*, 6th Dist. Sandusky No. S-12-047, 2013-Ohio-5349, ¶ 29 (reversing decision to terminate shared parenting plan because the judgment entry omitted any indication that the court considered the statutory factors related to the best interests of the children). Ultimately, it is the trial court's ruling—not the magistrate's decision—that must comply with the requirements of R.C. 3109.04. *Mogg* at ¶ 25.

{¶ 15} Here, we find that the trial court's judgment entry fails to comply with R.C. 3109.04. Most critically, the entry lacks any indication that the court found a change in circumstances under R.C. 3109.04(E)(1)(a), which is the necessary first step in the statute's modification calculus. Instead, the court made only the finding that the modification is in the best interest of the child, which it could not properly do without first determining that a change in circumstances exists. *Eatherton*, 3d Dist. Seneca No. 13-11-12, 2012-Ohio-1584, at ¶ 14; *Springer*, 6th Dist. Erie No. E-99-022, 2000 Ohio App. LEXIS 1001, at 4-5.

{¶ 16} Further, we cannot say that the record supports the conclusion that the trial court properly considered R.C. 3109.04(E)(1)(a). Like the trial court decision that the Fourth District Court of Appeals overturned in *Hubbard*, the juvenile court's entry in this case "makes no mention of R.C. 3109.04(E)(1)(a), 'change of circumstances,' 'modification' or even a 'change' of custody * * *." *Hubbard*, 4th Dist. Scioto No. 96CA2240, 1998 Ohio App. LEXIS 216, at 10. Beyond failing to mention R.C.

8.

3109.04(E)(1)(a), the judgment entry also fails to adopt, reference, or incorporate any of the magistrate's findings of fact or conclusions of law that support the existence of a change in circumstances. Rather, the judgment entry merely restates the magistrate's proposed custody orders. This is inadequate to satisfy the requirements of R.C. 3109.04(E)(1)(a).

{¶ 17} We therefore find that the juvenile court failed to determine whether a change in circumstances exists before awarding custody of the child to father. The court did not state in its judgment entry that a change exists, and the record does not support the conclusion that the court made the necessary statutory findings. Accordingly, mother's first assignment of error is well-taken.

## B. Second, Third, and Fourth Assignments of Error

{¶ 18} Based on our disposition of mother's first assignment of error, we find that her second, third, and fourth assignments of error are moot and are not well-taken.

## III. Conclusion

{¶ 19} For the foregoing reasons, the May 24, 2017 judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings consistent with this decision. Father is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, J.
CONCUR.

JUDGE

_____
JUDGE