[Cite as *In re B.H.H.*, 2017-Ohio-8359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN THE MATTER OF: B.H.H.     :
                                CASE NO. CA2016-10-069
    :

                                  O P I N I O N
    :                     10/30/2017

    :

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2013 JH 20595

Susan Zeller Dunn, 10921 Reed Hartman Way, Suite 111, Cincinnati, Ohio 45242, for appellant

Jeffrey Hale, 101 North Riverside Drive, Batavia, Ohio 45103, for appellee

**M. POWELL, J.**

{¶ 1} Appellant, M.S.H. ("Father"), appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, denying his motion to modify a prior custody order.

{¶ 2} Father and appellee, A.M.T. ("Mother"), are the parents of a ten-year-old son. The parties were never married. On November 12, 2014, the parties entered into a joint shared parenting plan pursuant to R.C. 3109.04(D)(1)(a)(i). By entry filed the same day, the juvenile court adopted the parties' shared parenting agreement as the order of the court. Both parents were designated as residential parents. Father was awarded parenting time

from Thursday after school until Sunday at 4:00 p.m.; Mother was awarded parenting time from Sunday at 4:00 p.m. until Thursday morning when the child goes to school.

{¶ 3} In July 2015, Father filed a Motion to Modify Order Regarding Custody and Allocation of Parenting Time. The motion alleged there "ha[d] been a change of circumstances regarding the care, custody and control of the minor child, and it is in the best interest of the minor child to grant Father sole custody." In an affidavit attached to the motion, Father asserted that Mother's relocation in violation of the shared parenting agreement and her failure to communicate with Father regarding the child's enrollment for the 2015-2016 school year constituted changes in circumstances for the child.

{¶ 4} On March 28, 2016, Father filed a Motion to Modify Order Regarding Custody, Allocation of Parenting Time and Child Support. Once again, Father asserted there "ha[d] been a change of circumstances regarding the care, custody and control of the minor child, and it is in the best interest of the minor child to grant Father sole custody." Neither motion specifically sought termination of the shared parenting agreement.

{¶ 5} Father's March 28, 2016 motion proceeded to an evidentiary hearing on August 29, 2016.[1] Father, the child's therapist, the child's teacher in first, second, and third grades, and the school principal testified on behalf of Father; Mother testified on her own behalf. Testimony at the hearing revealed that the child is very intelligent with behavioral issues. Specifically, the child is unwilling to complete his homework and will cry when asked to do so. He is very easily flustered and becomes "frustrated about really small things" and as a result, he hits and scratches himself at school and has had several toileting incidents while in

---

1. Following his July 2015 motion to modify a prior custody order, Father filed an emergency motion regarding the child's school enrollment and a motion to compel Mother to comply with Father's discovery requests. The juvenile court denied Father's motion to compel in January 2016. The next day, Father voluntarily "dismisse[d] the within matter without prejudice as to refiling" pursuant to Civ.R. 41(A). The record does not indicate whether Father's voluntary dismissal related to his July 2015 motion to modify a prior custody order or to his emergency motion and/or motion to compel. Subsequently, Father filed his March 2016 Motion to Modify Order Regarding Custody, Allocation of Parenting Time and Child Support.

school. The child started seeing the therapist in July 2015 and typically sees her on a weekly basis during Father's parenting time. The therapist has diagnosed the child with selective mutism, a form of anxiety disorder. At the time of the hearing, the child was almost nine years old and had just started third grade.

{¶ 6} Testimony at the hearing further revealed that Father is married to a woman who has two children and who lives in Florence, Kentucky. Father has maintained his residence in Mt. Orab, Ohio and divides his time between the two residences. Mother relocated to West Union, Ohio and lives with her boyfriend. Mother's relocation was anticipated at the time the parties entered into the shared parenting agreement on November 12, 2014, and occurred mere weeks later. The parties agreed that in return for Mother's relocation, the child would remain in his current school and Father's child support obligation would be reduced.

{¶ 7} In an order filed on September 14, 2016, the juvenile court treated Father's motion as one to modify a prior custody decree pursuant to R.C. 3109.04(E)(1)(a), thereby requiring the court to first find a change in circumstances before considering whether the modification was in the child's best interest. The juvenile court found that the change in circumstances "must have arisen subsequent to the Shared Parenting Plan, or [was] unknown to the Court at the time," and "must be as to the minor child or the residential parent, which is in this case the Mother."

{¶ 8} The juvenile court found that Father had failed to establish a change in circumstances as required under R.C. 3109.04(E)(1)(a) and denied Father's motion as follows:

> In the instant cause, there are only two changes in the parties' and the minor child's circumstances: (1) The Mother relocated to West Union, Ohio; however, this was anticipated at the time of the execution of the parties' Shared Parenting Plan, the Father agreed to a downward deviation of child support in return for this

relocation, and it happened mere weeks after the execution of the Plan in 2014; and (2) The Father remarried and currently divides his time between his home in Mt. Orab and his wife's residence in Florence, Kentucky.

All other circumstances regarding the child's behavioral challenges, his toileting issues, his dental problems, as well as the parties' inability to communicate effectively other than by text or e-mail, were in existence prior to, and at the time of, the execution and filing of the Shared Parenting Plan with this Court.

For the foregoing reasons, the Court finds that there has been insufficient proof of a change of circumstances in the minor child or in the Mother, who is the residential parent.

{¶ 9} Father now appeals, raising one assignment of error:

{¶ 10} WHETHER THE TRIAL COURT PROPERLY APPLIED OHIO REVISED CODE § 3109.04 IN DETERMINING THE THRESHOLD EVIDENCE REQUIRED BEFORE A SHARED PARENTING PLAN MAY BE TERMINATED AND SOLE CUSTODY AWARDED.

{¶ 11} Father challenges the juvenile court's denial of his motion to modify a prior custody order, raising the following four issues: (1) because Father's motion sought to terminate the shared parenting agreement, the juvenile court erred in applying R.C. 3109.04(E)(1)(a) and should have instead applied R.C. 3109.04(E)(2)(b) or (c); (2) the juvenile court erred "when it stated as a matter of law that [R.C.] 3109.04(E)(1)(a) only requires the court to consider a change of circumstances in the residential parent and/or the subject child of a shared parenting decree;" (3) the juvenile court erred when it designated Mother as the only residential parent of the child; and (4) the juvenile court erred when it failed to consider the child's "entry into psychological therapy" as a change in circumstances.

{¶ 12} R.C. 3109.04(E)(1)(a) provides that a trial court "shall not modify a prior decree allocating parental rights and responsibilities" unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, a change in circumstances regarding "the child, the child's residential parent, or either of the

- 4 -

parents subject to a shared parenting decree" and the modification is in the best interest of the child.

{¶ 13} R.C. 3109.04(E)(2)(b) provides that a trial court "may modify the terms" of a shared parenting plan approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modification is in the best interest of the child or upon the request of one or both of the parents. R.C. 3109.04(E)(2)(c) provides that a trial court "may terminate a prior final shared parenting decree" that includes a shared parenting plan approved under R.C. 3109.04(D)(1)(a)(i) "upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children." In contrast to the modification of a prior decree allocating parental rights and responsibilities under R.C. 3109.04(E)(1)(a), neither the modification of the terms of a shared parenting plan under R.C. 3109.04(E)(2)(b) nor the termination of a shared parenting plan under R.C. 3109.04(E)(2)(c) require a showing of a change in circumstances.

{¶ 14} We first address Father's assertion that notwithstanding the motion's caption, his March 28, 2016 motion was a motion to terminate the parties' shared parenting agreement.

{¶ 15} As stated above, Father's motion alleged there had been a change in circumstances regarding the child and thus, it was in the best interest of the child to grant Father sole custody. At the outset of the evidentiary hearing, the juvenile court identified Father's motion as a "motion to modify prior custody order." Father's counsel did not interject or otherwise tell the juvenile court that the motion was one to terminate the shared parenting agreement. During the hearing, Father presented evidence of change in circumstances regarding himself, Mother, and the child, thus inducing Mother to defend on that basis. It was not until Father filed his post-hearing, written closing arguments that he argued, for the first

time, that his motion was one to terminate the shared parenting agreement pursuant to R.C. 3109.04(E)(2)(c).

{¶ 16} Although Father's motion sought sole custody and control of the child, this does not make Father's motion one to terminate the parties' shared parenting agreement. In this regard, R.C. 3109.04(L)(5) and (6) generally provide that "unless the context clearly requires otherwise," both parents subject to a shared parenting plan "have 'custody of the child' or 'care, custody, and control of the child'" and are "the 'residential parent,' the 'residential parent and legal custodian,' or 'the custodial parent' of the child." These statutory provisions make clear that a shared parenting plan may designate one of the parents as residential parent and legal custodian of the child.

{¶ 17} In light of the foregoing, we find the juvenile court properly treated Father's motion as a motion to modify a prior custody order. Because Father's motion was not a motion to terminate the parties' shared parenting agreement, R.C. 3109.04(E)(2)(c) does not apply and the juvenile court did not err in not considering the statutory provision.

{¶ 18} In its decision denying Father's motion to modify custody, the juvenile court stated that a change in circumstances under R.C. 3109.04(E)(1)(a) "must be as to the minor child or the residential parent, which is in this case the Mother." We agree with Father that the juvenile court erred in considering Mother as the only residential parent. The parties' joint shared parenting agreement specifically designated both "Mother and Father * * * as the residential parents without regard to where the child is physically located[.]"

{¶ 19} We further find the juvenile court erred when it stated that under R.C. 3109.04(E)(1)(a), a court need only find a change in circumstances regarding "the minor child or the residential parent[.]" R.C. 3109.04(E)(1)(a) plainly requires a change in circumstances regarding "the child, the child's residential parent, *or either of the parents subject to a shared parenting decree.*" (Emphasis added.) Both Father and Mother are parents subject to the

shared parenting decree. However, we find this error to be harmless. The only change claimed by Father in his own circumstances was his marriage and dividing his time between living with his wife in her Florence, Kentucky home and Father's own home in Mt. Orab. As discussed below, the juvenile court considered Father's living arrangements in deciding Father's motion.

{¶ 20} We now address whether the juvenile court improperly applied R.C. 3109.04(E)(1)(a) rather than R.C. 3109.04(E)(2)(b). In 2007, the Ohio Supreme Court addressed the proper application of R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) with respect to modifying the designation of residential parent and legal custodian of a child. The specific issue presented to the supreme court was as follows:

> Is a change in the designation of residential parent and legal custodian of children a "term" of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a "change in circumstances" has occurred pursuant to R.C. 3109.04(E)(1)(a)? The answer to this question is "no."

*Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, ¶ 1.

{¶ 21} The supreme court first held that "[w]hen a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities." *Id.* at ¶ 23. Likewise, a "court also allocates parental rights and responsibilities when it issues a shared-parenting order." *Id.* at ¶ 24. "Once a shared-parenting decree has issued, R.C. 3109.04(E) governs modification of the decree[.]" *Id.* at ¶ 11.

{¶ 22} After analyzing the language of both R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) and the statutory difference between a shared parenting order or decree and a shared parenting plan, the supreme court held that "[a]n allocation of parental rights and responsibilities is a designation of the residential parent and legal custodian" which is

"made by the court in an order or decree. Therefore, the designation of residential parent or legal custodian cannot be a term of shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b)." *Fisher*, 2007-Ohio-5589 at ¶ 26, 31. Rather, "R.C. 3109.04(E)(1)(a) controls when a court modifies an order designating the residential parent and legal custodian." *Id.* at ¶ 26. By contrast, "R.C. 3109.04(E)(2)(b) * * * allows only for the modification of the terms of shared-parenting plan." *Id.* at ¶ 27. Such terms include a child's "physical living arrangements, child support obligations, provision for the children's medical and dental care, school placement, and * * * holidays[.]" *Id.* at ¶ 28.

{¶ 23} Because Father's March 28, 2016 motion sought to modify the allocation of parental rights and responsibilities by asking the juvenile court to re-designate the residential parent and legal custodian under the shared parenting agreement and grant sole custody of the child to Father, R.C. 3109.04(E)(1)(a) applied, and not R.C. 3109.04(E)(2)(b). *Id.* at ¶ 26-27. The juvenile court, therefore, did not err in analyzing Father's motion pursuant to R.C. 3109.04(E)(1)(a).

{¶ 24} As the juvenile court was asked to re-designate parental rights and responsibilities, it was required to first find that a change in circumstances occurred to warrant a change in legal custodianship pursuant to R.C. 3109.04(E)(1)(a). *Pierson v. Gorrell*, 12th Dist. Butler No. CA2011-11-216, 2012-Ohio-3878, ¶ 12. Although R.C. 3109.04 does not define "change in circumstances," Ohio courts have generally held the phrase to denote "an event, occurrence, or situation which has a material and adverse effect upon the child." *Id.* at ¶ 13. "In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one 'of substance, not a slight or inconsequential change.'" *Id.*, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). "In determining whether a 'change' has occurred * * * a trial judge must have wide latitude in considering all the evidence before him * * * and such a decision must not be reversed absent an abuse of

discretion." *Id.*

**{¶ 25}** Father argues the juvenile court erred in failing to identify the child's "entry into psychological therapy" as a change in circumstances. As stated above, the child started seeing a therapist in July 2015, was diagnosed with selective mutism, a form of anxiety disorder, and typically sees the therapist on a weekly basis during Father's parenting time. In its decision denying Father's motion, the juvenile court did not specifically consider the fact that the child started counseling with the therapist several months after the juvenile court adopted the parties' shared parenting agreement.

**{¶ 26}** At the evidentiary hearing, the therapist testified that she first started seeing the child in July 2015 when he was brought in by Father, and that the child continues to be a patient. The therapist described the child as a very guarded child who struggles with communicating his feelings and who typically stops talking when they start working on feelings or communication. Nonetheless, the therapist recommended that the child continue counseling as he "ha[d] opened up" and counseling was "very beneficial" to him. The therapist further testified she had never met Mother but had recently talked to her on the phone. The record shows that while Father sent an email to Mother in July 2015 informing her that the child's pediatrician recommended counseling and that the child was to "begin the counseling this week," Father did not provide the therapist's contact information to Mother in his email and did not invite Mother to the initial consultation. It was not until February or March 2016 that Father provided Mother with the therapist's contact information, and August 2016 that Mother was finally able to communicate with the therapist.

**{¶ 27}** While the child's counseling with the therapist indicates a change in circumstances, no evidence was presented at the hearing that counseling and diagnosing the child with selective mutism had a material and adverse effect on him. To the contrary, the therapist testified that counseling was very beneficial to the child and therefore

recommended that it continue. The juvenile court, therefore, did not abuse its discretion in failing to consider the child's diagnosis and counseling as change in circumstances of great significance.

{¶ 28} Father does not challenge the juvenile court's determination that several changes in the parties' and the child's circumstances were either in existence before the shared parenting agreement or of little significance. Nevertheless, a thorough review of the record supports the juvenile court's determination that neither Mother's relocation nor Father's marriage and his dividing his time between his own home in Ohio and his wife's home in Kentucky were changes in circumstances. The record shows that Mother's relocation was anticipated at the time the parties entered into the shared parenting agreement, and in return for agreeing to the relocation, Father's child support obligation was to be reduced. While Father's marriage and new living arrangement may be a change in circumstances, no evidence was presented at the hearing that it had a material and adverse effect on the child.

{¶ 29} A thorough review of the record further supports the juvenile court's determination that circumstances regarding the child's behavioral issues, toileting issues, and dental problems, as well as the parties' inability to communicate effectively other than by text or e-mail were not changes in circumstances as they were in existence either before or at the time the parties entered into the shared parenting agreement. Testimony at the hearing indicates that the child's behavioral issues, toileting incidents, and dental problems began before the parties' shared parenting agreement. Likewise, testimony at the hearing indicates that the parties' inability to communicate effectively, including by text or e-mail, started in 2012, thus before the parties' shared parenting agreement.

{¶ 30} We therefore find the juvenile court did not err in determining that a change in circumstances did not occur regarding the child, Mother, or Father. Father failed to establish

that the parties' inability to communicate effectively, the child's diagnosis, counseling, behavioral issues, toileting incidents, and dental problems, Mother's relocation, and Father's marriage and living arrangement were an "event, occurrence, or situation" which materially and adversely affected the child, or that the change in circumstances were "of substance" and not a "slight or inconsequential change." Consequently, the juvenile court did not err in denying Father's motion to modify a prior custody order.

{¶ 31} Father's assignment of error is overruled.

{¶ 32} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.