[Cite as *Shamblin v. Shamblin*, 2021-Ohio-709.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| FRANK SHAMBLIN, | : | |
| | : | Case No. 19CA10 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| ASHLEY SHAMBLIN aka KRIDER, | : | |
| | : | **RELEASED: 03/04/2021** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Joseph H. Nemec, Athens, Ohio, for Appellant.

Adam R. Salisbury, Pomeroy, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal from a Meigs County Court of Common Pleas judgment entry denying Appellant, Ashley Krider's Motion for Change of Parental Rights and Responsibilities, which sought to have her named residential parent of the parties' two children. After reviewing the facts and applicable law, we affirm the judgment of the trial court.

{¶2} On June 1, 2013, Appellant and Appellee, Frank Shamblin, who already had two children together, were married. However, on May 9, 2014, Appellant filed for divorce seeking to be designated residential parent and legal custodian of both children. Appellee alleged that he and Appellant had separated in September of 2013 and shared parenting of their children. He further alleged that on more than one occasion, after spending time with Appellant, their children returned to him with significant bruising. Finally, he

alleged that Appellant was being investigated for abusing their children and was living with a convicted felon, Chris Conley.  On June 3, 2014, the Magistrate issued temporary orders naming Appellee temporary residential parent and ordering the appointment of a guardian ad litem ("GAL").  On January 22, 2015, the trial court issued a final judgment entry that granted Appellee a divorce from Appellant and designated Appellee residential parent and legal guardian of their children with Appellant having "parenting time."[1]  The trial court ordered that the children have no contact with Conley, and that neither party shall consume alcohol or expose the children to a "partying" environment during their parenting time.

{¶3} After their divorce, Appellee became engaged to Michele Schuster. Appellant became engaged to Joshua Goodnight, and they had a child together.

{¶4} Approximately three years after their divorce, on January 8, 2018, Appellant filed a Motion for Change of Parental Rights and Responsibilities asking the trial court to "name her residential parent and legal guardian" of the parties' two children.  Among other allegations, Appellant claimed Appellee had denied her parenting time and Appellee was drinking and partying around the children in violation of the trial court's order.

{¶5} The trial court held an initial hearing on March 19, 2018.  Nine days later the trial court issued an entry ordering the appointment of a GAL.

---

[1] On January 22, 2015, the trial court granted a final judgment granting Appellant's divorce, but the court subsequently discovered that Appellant, who had represented herself pro se, had several witnesses that she had intended to present. Consequently, the trial court issued a supplemental entry setting a hearing to permit Appellant to present those witnesses. Subsequent to that hearing, the trial court issued the above-referenced entry on March 1, 2015 that was subject to some modification of Appellant's parental time, but otherwise remained the same as the January 22nd entry.

{¶6} On July 13, 2018, the GAL issued a report, which documented her observation of alcoholic beverages in Appellee's home on May 16, 2018, empty alcohol containers (bottles, cans, boxes) outside of Appellee's home on Memorial Day 2018, as well as a Facebook picture taken at Appellee's home on Thanksgiving showing minor children around nine people drinking, which in her view indicated that the adults were engaging in a "drinking party." Based on these observations, and Appellee's assertion that his father had drunk alcohol at Appellee's home, prior to the Memorial Day weekend, and left the empty containers, the GAL "was highly concerned with [Appellee's] veracity" because during Appellee's alcohol assessment, Appellee claimed that "he has no family or friends that use alcohol." The GAL concluded that she had "big concerns about [Appellee's] alcohol use and any alcohol around the children" but was "otherwise a very good dad." Based primarily upon Appellee's questionable veracity and his drinking in front of his children, the GAL recommended the parties exercise shared parenting.

{¶7} The trial court held additional hearings on August 17, 2018, January 10, 2019, and March 7, 2019, during which the trial court heard testimony from the parties, the GAL, and others.

{¶8} On September 17, 2019, the trial court issued an entry that denied Appellant's motion for reallocation of parental rights and responsibilities because she failed to demonstrate "any sufficient change of circumstances with regards to the children or residential parent." Consequently, the trial court found it did not need to proceed to determine the best interest of the children. On November 6,

2019, the trial court issued its findings of fact and conclusions of law.  Appellant appealed, asserting two assignments of error.

## ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT IGNORED THE EVIDENCE IN CONCLUDING THAT DEFENDANT/APPELLANT FAILED TO MEET HER BURDEN OF PROOF REGARDING CHANGE IN CIRCUMSTANCES"

II.     "TRIAL COURT ERRED IN FAILING TO, AT MINIMUM, CONSIDER AN EXPANSION OF PARENTING TIME FOR MOTHER, GIVEN THE FACTS AND CIRCUMSTANCES OF THIS CASE"

## ASSIGNMENT OF ERROR I

**{¶9}** In her first assignment of error, Appellant alleges that "the trial court abused its discretion in concluding that the Appellant failed to meet her burden of proving a change in circumstances because she presented significant evidence, including  (1) the contribution of Appellee's fiancé in caring for the children, (2) evidence Appellee failed to treat the children's medical conditions, (3) Appellee's use of alcoholic beverages in the presence of the children, and (4) that communication between the parties has greatly improved.

**{¶10}** In response, Appellee argues that none of the evidence/testimony that Appellant cites support that the trial court abused its discretion in holding that Appellant failed to prove any sufficient change of circumstances with regard to Appellee or the parties' children.  We hold that the trial court did not abuse its discretion, finding that Appellant failed to prove a change in circumstances.

## LAW

1.  Standard of Review

**{¶11}** " 'Custody determinations are some of the most difficult and agonizing decisions a trial judge must make, and, therefore, appellate courts must grant wide latitude to their consideration of the evidence.' " *Babcock v. Welcome*, 4th Dist. Ross No. 11CA3273, 2012-Ohio-5284, ¶ 7, quoting *Eatherton v. Behringer,* 3rd Dist. No. 13-11-12, 2012-Ohio-1584, ¶ 13, citing *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). Consequently, "[a] trial court's finding regarding a change in circumstances should not be disturbed on appeal absent an abuse of discretion." *Bragg v. Hatfield*, 152 Ohio App. 3d 174, 182, 787 N.E.2d 44, (4th Dist. 2003), ¶ 24, citing *State v. Davis*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. "To demonstrate an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Id.*, ¶ 24, citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

**{¶12}** However, a trial court's discretion "is not unlimited, but must always be rooted in the facts of the case. For example, while the granting or denying of a change of custody is within the discretion of the court, there must be sufficient factual evidence in the record to support the court's finding as to the change in circumstances, best interests, etc." *Beekman v. Beekman*, 96 Ohio App. 3d 783, 787, 645 N.E.2d 1332 (4th Dist. 1994). But "we defer to the trial court's factual findings because the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use its observations in

weighing the credibility of the proffered testimony." *Thebeau v. Thebeau*, 4th Dist. Lawrence No. 07CA34, 2008-Ohio-4751, ¶ 25, citing *Davis,* 77 Ohio St.3d at 418, 674 N.E.2d 1159.

{¶13} Finally, a trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusion of law.  *State v. Calhoun*, 86 Ohio St. 3d 279, 291-92, 1999-Ohio-102, 714 N.E.2d 905, citing *State v. Clemmons*, 58 Ohio App.3d 45, 46, 568 N.E.2d 705, (2nd Dist. 1989), citing 5A Moore, Federal Practice (2 Ed.1990) 52–142, Section 52.06[1].  A trial court's "findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.*

2. Modification of Parental Rights and Responsibilities

{¶14} R.C. 3109.04(E)(1)(a) addresses the modification of parental rights and responsibilities and "creates a strong presumption in favor of retaining the residential parent."  *Wolford v. Willis*, 4th Dist. Gallia No. 17CA9, 2018-Ohio-3937, ¶ 17, citing *In re Brayden James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 14.  Consequently, there is no change in parental rights unless a

> court finds all of the following: (1) a change occurred in the
> circumstances of the child, the child's residential parent, or
> a parent subject to a shared-parenting decree, (2)
> the change in circumstances is based upon facts that arose
> since the court entered the prior decree or that were unknown to
> the court at the time of the prior decree, (3) the child's best
> interest necessitates modifying the prior custody decree, and (4)
> one of the circumstances specified in R.C. 3109.04(E)(1)(a)(i)-
> (iii) applies [(i) The residential parent agrees to a change in the
> residential parent or both parents under a shared parenting

decree agree to a change in the designation of residential parent, (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent, or (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child].
*Hobbs v. Hobbs*, 4th Dist. Scioto No. 14CA3635, 2015-Ohio-1963, ¶ 53, 36 N.E.3d 665, citing *In re Brayden James,* 113 Ohio St.3d 420, at ¶ 14.

**{¶15}** R.C. 3109.04(E)(1)(a) provides a two-part test in which the the threshold inquiry is whether the trial court made a finding that a change of circumstances occurred since the prior custody decree that would warrant a change of custody. *Cowan v. Cowan*, 4th Dist. Washington No. 04CA52004-Ohio-6119, ¶ 16. If no change in circumstances occurred, the requirements for a change of custody cannot be satisfied, and a reviewing court need not examine the trial court's determination of the child's best interests. *Id.*

**{¶16}** "[A]ny such change [of circumstances] must be of substance, not slight or inconsequential. *Willis*, 4th Dist. Gallia No. 17CA9, 2018-Ohio-3937, ¶ 26, citing *Davis*, 77 Ohio St.3d at 415. And "Ohio courts have generally interpreted 'change in circumstances' in custody-modification cases to mean an event, occurrence, or situation which has a material and adverse effect upon a child." *Massie v. Sammons*, 4th Dist. Scioto No. 14CA3630, 014-Ohio-5835, ¶ 23, citing *C.D.M.,* 4th Dist. Hocking No. 13CA1, 2013-Ohio–3792, ¶ 16, *Southworth v. Eskins,* 12th Dist. Fayette No. CA2013-10-028, 2014-Ohio-4523, ¶ 11, *Murphy v. Murphy,* 5th Dist. Tuscarawas No.2014 AP 01 0002, 2014–Ohio–4020, ¶ 22. Consequently, if a trial court determines that certain facts do not

constitute an adverse change, its failure to address those facts in its decision is not an abuse of discretion.  See *Matter of B.H.H.*, 12th Dist. Clermont No. CA2016-10-069, 2017-Ohio-8359, 100 N.E.3d 33, ¶ 27 (Finding that counseling resulted in a beneficial change for a child, the court did not abuse its discretion in failing to consider the counseling as a change of circumstances in a change of custody case).

### 3.  Appointment of a Guardian Ad Litem

**{¶17}** A trial court may appoint a GAL " 'to protect the interest of the child and "assist a court in its determination of a child's best interest." ' " In the *Matter of K.W.*, 4th Dist. Highland No. 17CA7, 2018-Ohio-1933, 111 N.E.3d 368, ¶ 98, quoting *In re C.B.,* 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 14, quoting Sup.R. 48(B)(1) and citing R.C. 2151.281(B). "The purpose of a guardian *ad litem* in a parental rights allocation proceeding is 'to provide the court with relevant information and an informed recommendation regarding the child's best interest.' " *Miller v. Miller*, 4th Dist. Athens No. 14CA6, 2014-Ohio-5127, ¶ 16, quoting Sup.R. 48(D).  However, "[t]he trial court, as the fact-finder, is permitted to assign weight to the guardian *ad litem's* testimony and recommendation and could choose to believe or disbelieve it." In the *Matter of K.W.*, at ¶ 102, 111 N.E.3d 368, citing *In re M.Z.,* 9th Dist. Lorain No. 11CA010104, 2012-Ohio-3194, ¶ 35.  Consequently, the trial court has discretion to follow or reject the GAL's testimony and recommendation. *Roby v. Roby*, 4th Dist. Washington No. 15CA21, 2016-Ohio-7851, ¶ 22.

ANALYSIS

{¶18} Appellant alleges that "the trial court acted unreasonably, arbitrarily, or unconscionably in concluding that the Appellant failed to meet her burden of proving change in circumstances, where the Appellant presented significant evidence and the trial court failed to properly address the following:" (1) the contribution of Appellee's fiancé in caring for the children, (2) evidence Appellee failed to treat medical conditions, (3) Appellee's use of alcoholic beverages around the children, and (4) that communication between the parties has greatly improved.

{¶19} To the extent that the trial court "failed to consider" certain evidence, we note that the trial court denied several motions by the Appellee to dismiss Appellant's motion for reallocation of parental rights because the trial court wanted to hear all the evidence before making a decision.  Further, the trial court's findings of fact and conclusions of law mention the contribution by Appellee's finance, Appellant's complaints regarding medical problems, and Appellee's use of alcohol.  Accordingly, we find that the trial court did "consider" this evidence in making its decision.

a.  Appellant's Fiancé's Contribution in Caring for the Children

{¶20} Appellant alleges that Appellee's fiancé has become the primary caregiver for the children and that constitutes a change in circumstances.

{¶21} There is testimony that Appellee's fiancé contributes significantly in caring for Appellee's children.  However, there is testimony that Appellee also

contributes significantly in caring for his children by helping get them ready for school, helping them with homework after school, and taking his children to and attending their extra-curricular activities. Therefore, at best, it is debatable whether the evidence shows that Appellee's fiancé is the children's primary caregiver as Appellant alleges.

{¶22} However, even assuming arguendo that Appellee's fiancé was the primary caregiver, there is no evidence her efforts have had a "material and *adverse* effect" on the children. (Emphasis added.) *Sammons*, 4th Dist. Scioto No. 14CA3630, 2014-Ohio-5835, ¶ 23.  Rather, her efforts have been beneficial to the children.  Therefore, we find that the trial court did not abuse its discretion in failing to conclude that Appellee's fiancé's contribution in caring for the children was a change in circumstances.

### b.  Medical Treatment

{¶23} Appellant also alleges that despite significant testimony regarding [Appellee] and his significant other's failing to treat medical conditions, the trial court did not address whether it constituted a change in circumstances. Specifically, Appellant argues that the children had ringworm and her son had stomach issues and medications were prescribed for both, but neither Appellee nor his fiancé administered the medicine.

{¶24} A custodial parent's failure to get their child proper medical care can be a change in circumstances.  See e.g. *Leeth v. Leeth*, 12th Dist. Preble No. CA2009-02-0024, 2009-Ohio-4260, ¶ 13 ("[T]he trial court expressed concern over other hygiene and health-related issues, including instances where S.L.

returned from [father's] care with 'terribly chapped cheeks * * *, a terrible diaper rash, pink eye, a double ear infection and a yeast infection * * * and [father declined] to take her to the doctor [because] she was fine.' ").

{¶25} Although she claims that she never saw the medicine, Appellant testified that her children told her that Appellee's fiancé took them to the doctor for ringworm and the doctor prescribed medicine.  Appellee's fiancé also testified that they gave Appellee's son the medication for his stomach, and, when he got better, they stopped giving it to him.  Further, the GAL testified that when she saw the children they were not ill, nor could she substantiate the alleged illnesses or a lack of medical treatment. Finally, the children's overall health was good at the time of the custody hearing, and, despite Appellant's claim that failure to provide medical treatment is an ongoing issue, there is no other evidence in the record of continuing medical problems with the children, or ongoing disputes regarding any treatment.

{¶26} This testimony undermines Appellant's assertion that Appellee did not provide his children with adequate medical attention. Therefore, because we find that there is a substantial amount of credible and competent evidence that Appellee has provided his children proper medical care, we find that the trial court did not abuse its discretion in finding that Appellee's alleged lack of care was a not a change in circumstances.

c.  Appellant's Drinking

{¶27} Appellant argues that "[Appellee's] alcohol issues were all but ignored by the trial court despite significant indications [Appellee] has a problem."

Appellant's brief cites the GAL's testimony/report regarding two holidays, Memorial Day and Thanksgiving. Appellant asserts that Appellee had a "party on Memorial Day, which was observed by the [GAL]." Appellant further alleges that there was a Thanksgiving party, which "was out of control" where Appellee was drinking and children were present. Appellant notes that the GAL "believed" that Appellee had a drinking problem and lied to her about his alcohol usage. Finally, the GAL alleged that Appellee "admitted to drinking with a sex offender at a family event while the children were present."

{¶28} We have recognized that a residential parent's drinking problem that adversely affects the child can be a change in circumstances that results in a modification of parental rights and responsibilities. *Inscoe v. Inscoe*, 121 Ohio App. 3d 396, 427, 700 N.E.2d 70 (4th Dist. 1997)

{¶29} In the case at bar, the trial court in its findings of fact stated:

> The [Appellee] and his friends consume alcohol. However, based upon the testimony, including that of the [Appellant], the father's alcohol consumption appears to be during the times he is not responsible for the children. [Appellant] believes father was drinking daily. [Appellee] denies that he drinks daily. [Appellee] had an alcohol assessment which found, [he] has no signs of alcohol abuse and at this time no level of care is recommended. The GAL, however, felt that the [Appellee] was not forthcoming enough in the assessment and the GAL feels he does have a problem with alcohol use and has not admitted it.

{¶30} It is undisputed that Appellee drinks alcohol. The question is whether he drinks alcohol in presence of the children, which was prohibited by court order, or his drinking is adversely affecting the children.

{¶31} Initially, we begin by recognizing that contrary to Appellant's assertion in her brief, the GAL never personally observed any "party," let alone

observed anyone drinking alcohol at Appellee's house on Memorial Day or Thanksgiving. These conclusions were drawn from the GAL's observation of empty alcohol containers (can, bottle, boxes) on Appellee's property on Memorial Day, and pictures of Thanksgiving in Appellee's home that had been posted on Facebook. However, there was testimony from Appellee and his fiancé explaining that the empty containers on Appellee's property on Memorial Day were the result of Appellee's father drinking while he was there clearing trees prior to the Memorial Day weekend, and as a result of Appellee cleaning trash out of the house. Regarding the picture from Thanksgiving, Appellee's fiancé testified the comment "out of control" pertaining to that picture was referring to her attempt to cook the turkey. And the GAL admitted that she could not positively identify any of containers in the Thanksgiving pictures as containing alcohol.

{¶32} The GAL's report indicated that that Appellee's alcohol assessment concluded that he did not have a drinking problem. But, the GAL questioned Appellee's veracity because he alleged that he told the alcohol counselor that his family and friends did not use alcohol. The GAL also testified that Appellee admitted to her that he frequently had friends over to play cards and drank alcohol with the children present. However, despite being concerned that Appellee has a "potential alcohol problem," the GAL testified that the children "do seem grounded."

{¶33} During his testimony, Appellee admitted to drinking, but denied he had a "problem," and claimed that he never drank in the presence of children.

Appellee's fiancé also testified that they did not drink in the presence of the children.

**{¶34}** In sum, whether Appellee has an alcohol problem that adversely affects the children, or has consumed alcohol in the presence of children, depends almost entirely on the credibility of witness testimony. Because the trial court is the fact finder, it "is permitted to assign weight to the guardian ad litem's testimony and recommendation and could choose to believe or disbelieve it." *Matter of K.W.*, 2018-Ohio-1933, ¶ 102, 111 N.E.3d 368. And "we defer to the trial court's factual findings because the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use its observations in weighing the credibility of the proffered testimony." *Thebeau*, 4th Dist. Lawrence No. 07CA34, 2008-Ohio-4751, ¶ 25. Accordingly, we hold that the trial court did not abuse its discretion in determining that the Appellee's drinking was not a change in circumstances or a violation of the court order. That said, we remind Appellee of the trial court's "continuing to ORDER that the children not be subjected to adult situations or parties where drugs or alcohol are being consumed."

### d. Improved Communication

**{¶35}** Appellant argues that the communication between she and Appellee has improved, which is a change in circumstances.

**{¶36}** Initially, we note that the trial court did not mention the improved communication in its findings or conclusions. However, "[a] trial court need not discuss every issue raised by appellant * * *. The findings need only be

sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun*, 86 Ohio St. 3d at 291-92, 1999-Ohio-102, 714 N.E.2d 905. The trial court's decision is "sufficiently comprehensive and pertinent to the issue [of a change of circumstances] to form a basis upon which the evidence supports the conclusion."

{¶37} Nevertheless, we agree that the evidence indicates that the parties are communicating better now than they did previously. However, similar to Appellee's fiancé's contribution in taking care of Appellee's children, there is no evidence the improvement in communication between the parties has an "adverse" effect on the children. *Sammons*, 4th Dist. Scioto No. 14CA3630, 014-Ohio-5835, ¶ 23. If anything, better communication between Appellant and Appellee was a benefit to the children. Consequently, we find that the improvement in communication between the parties is not a change in circumstances.

{¶38} Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's Motion for Change of Parental Rights and Responsibilities, and; therefore, overrule Appellant's first assignment of error.

## ASSIGNMENT OF ERROR II

{¶39} In her second assignment of error, Appellant alleges that even if the trial court found no change in circumstances, it should have analyzed whether it was in the children's best interest to modify the Appellant's parenting time schedule.

## LAW

{¶40} We find the decision in *Vent v. Vent*, 3rd Dist. Wyandot No. 16-12-05, 2012-Ohio-5946 persuasive in resolving Appellant's second assignment of error.  In *Vent*, Appellant, the non-residential parent filed a motion for reallocation of parental rights, which the trial court denied.  On appeal, Appellant challenged the trial court's denial of the reallocation of parental rights, but the court overruled her argument.  In her third assignment of error, the appellant *asserted* that the trial court erred by not increasing her parenting time with the children.  *Vent* at ¶ 32.  The court held that "[p]ursuant to Civ.R. 7(B), all motions are to state with particularity the grounds and the relief sought.  Mother never requested a modification of her parenting time or to have the first right of refusal. Her only motion sought sole custody of the children."  *Id.* at ¶ 34.  Therefore, the court held that "[t]he trial court did not abuse its discretion by not sua sponte addressing an issue that was never raised."  *Id.* at ¶ 35.

## ANALYSIS

{¶41} As in *Vent*, Appellant moved for reallocation of parental rights and responsibilities, but not for increased parenting time.  Therefore, we hold that as in *Vent*, the trial court did not abuse its discretion in failing to sua sponte address her parenting time, and; therefore, overrule Appellant's second assignment of error.

## CONCLUSION

{¶42} Having concluded that the trial court did not abuse its discretion in denying Appellant's motion for change of parental rights and responsibilities or

for failing to sua sponte consider increased visitation, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY:    _____
       Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**